**HENDRICK MEDICAL CENTER and Howard Tobin, M.D., Relators,**

v.

**The Honorable Charles Ben HOWELL, Respondent.**

**No. 05–84–01349–CV.**

Court of Appeals of Texas, Dallas.

March 11, 1985.

Rehearing Denied April 9, 1985.

James H. Holmes, III, Joann N. Wilkins, Burford & Ryburn, Dallas, J.M. Lee, Fort Worth, for relators.

C.L. Mike Schmidt, Stradley, Schmidt, Stephens & Wright, Paul W. Pearson, Dallas, Pete Baker, Abilene, Fred E. Davis, Austin, Sidney H. Davis, Jr., Dallas, Stephen H. Suttle, Abilene, Jim Cowles, Cowles, Sorrells, Patterson & Thompson, Dallas, for respondent.

Before AKIN, GUILLOT and DEVANY, JJ.

AKIN, Justice.

In this original proceeding relators, Hendrick Medical Center and Howard Tobin, M.D., seek a writ of mandamus directing respondent, Hon. Charles Ben Howell, Judge of the 191st Judicial District Court, to transfer a cause pending in respondent's court to a district court in Jones County. Relators contend that venue in the cause at issue has been conclusively established in Jones County as a result of a prior order of transfer and subsequent nonsuit taken by Priscilla G. Ratliff and David Ratliff, real parties in interest in this original proceeding. We agree with relators that venue was conclusively established in Jones County because there can be but one venue hearing. We decline, however, to issue the writ of mandamus because an adequate remedy at law is available to relators by raising the venue question on an appeal after a trial on the merits.

The Ratliffs brought a personal injury action against relators and others in the 136th District Court of Jefferson County. Relators filed their respective motions to transfer, alleging that venue was improper in Jefferson County and requesting transfer to one of several counties of allegedly proper venue. These motions were challenged by the Ratliffs. After a venue hearing, the judge of the Jefferson County district court ordered the cause transferred to a district court in Jones County. Subsequent to docketing of the cause in Jones County, the Ratliffs filed a motion to dismiss. The motion was granted and the cause dismissed without prejudice.

The Ratliffs thereafter filed a suit in Dallas County alleging the same causes of action pleaded in the first suit. The named defendants, who did not include relators, filed motions to transfer. Respondent overruled these motions, holding venue to be proper in Dallas County. The Ratliffs, subsequent to respondent's determination of venue, amended their original petition and named relators as defendants. Relators filed motions to transfer, which were overruled by respondent on the ground that the similar motions of relator's co-defendants had already been heard and ruled upon and that TEX.R.CIV.P. 87(5) prohibited a second venue hearing. Relators then instituted this original proceeding seeking a writ of mandamus compelling respondent to transfer the cause to Jones County.

Relators contend that, as a result of the Jefferson County judge's venue determination in the first suit, venue in the second suit has been conclusively established in Jones County. We begin our consideration of this contention at its logical starting point, the pertinent provisions of the amended venue statute, TEX.REV.CIV. STAT.ANN. art. 1995, § 4 (Vernon Supp. 1985):

(d) Hearings. (1) In all venue hearings, no factual proof concerning the merits of

the case shall be required to establish venue; the court shall determine venue questions from the pleadings and affidavits. *No interlocutory appeal shall lie from such determination.*

(2) On appeal from the trial on the merits, if venue was improper it shall in no event be harmless error and shall be reversible error. In determining whether venue was or was not proper the appellate court shall consider the entire record, including the trial on the merits. [Emphasis added].

Additionally, we find instructive TEX.R. CIV.P. 87, promulgated by the supreme court to conform to amended article 1995, entitled "Determination of Motion to Transfer:"

5. No Rehearing. If venue has been sustained as against a motion to transfer, or if an action has been transferred to a proper county in response to a motion to transfer, then *no further motions to transfer shall be considered regardless of whether the movant was a party to the proper proceedings or was added as a party subsequent to the venue proceedings,* unless the motion to transfer is based on the grounds that an impartial trial cannot be had under Rules 257–259 or on the ground of mandatory venue, provided that such claim was not available to the other movant or movants.

Parties who are added subsequently to an action and are precluded by this rule from having a motion to transfer considered may raise the propriety of venue on appeal, provided that the party has timely filed a motion to transfer.

6. *There shall be no interlocutory appeals from such determination.* [Emphasis added].

It is apparent, in light of rule 87, that article 1995 contemplates only one venue determination in a cause of action, and we

so hold. Permitting a plaintiff to avoid being bound by a venue determination simply by nonsuiting and subsequently refiling the same cause of action against the same parties in a county other than that in which venue was determined to be proper would, in effect, circumvent the legislature's intent that there be only one venue determination in a cause of action. Accordingly, we hold that once a venue determination has been made in a cause, that determination is conclusive in a subsequent refiling after nonsuit of the same cause of action against the same parties. Consequently, venue in the second suit filed by the Ratliffs has been conclusively determined to lie in Jones County as a result of the Jefferson County judge's venue determination in the first suit.

To hold to the contrary would not only contravene legislative intent but would permit a plaintiff to nonsuit-and-refile his way through Texas' 254 counties until he obtained a venue determination to his liking. This would result in an enormous waste of judicial resources and would force defendants to bear the onerous burden of responding in a different county each time plaintiff refiled his action. Such a situation was not intended by the legislature and was prevented from occurring under the old plea of privilege practice pursuant to pre-amendment article 1995 by judicial imposition of a *"res judicata"* rule.[1] According to this rule, when a plea of privilege was sustained and a cause transferred pursuant thereto, a nonsuit filed by the plaintiff became *res judicata* as to venue if he asserted the same cause of action against the defendant in a subsequent suit. *Wichita Falls & S.R. Co. v. McDonald,* 141 Tex. 555, 174 S.W.2d 951, 952 (1943); *H.H. Watson Co. v. Cobb Grain Co.,* 292 S.W. 174, 177 (Tex.Comm'n App.1927); *Poynor v. Bowie Independent School District,* 627 S.W.2d 517, 519 (Tex.App.—Fort Worth

---

1. [I]t is well to be mindful in plea of privilege cases that it is not strictly accurate to speak in terms of *res judicata* in instances where plaintiff takes a nonsuit before judgment, for the doctrine normally applies only when there has been a final judgment upon the merits of the matter concluded. Courts do so speak of it as a matter of convenience though the application of pertinent rules are really grounded upon a principle of policy.... *Southwestern Investment Co. v. Gibson,* 372 S.W.2d 754, 757 (Tex.Civ.App.—Fort Worth 1963, no writ).

1982, writ dism'd). Although we need not decide whether this rule is still viable under the current version of article 1995,[2] we find persuasive the rationale underlying the rule. The *res judicata* rule was adopted to prevent defendants from being subjected to the harassment and expense of presenting their venue claims in a number of successive forums as a consequence of a plaintiff's nonsuiting and subsequent refiling of the same cause of action in different counties. *See First National Bank in Dallas v. Hannay,* 123 Tex. 203, 67 S.W.2d 215 (1933); *Joiner v. Stephens,* 457 S.W.2d 351, 352 (Tex.Civ.App.—El Paso 1970, no writ); *Southwestern Investment Co. v. Gibson,* 372 S.W.2d 754, 757 (Tex.Civ.App.—Fort Worth 1963, no writ). The legislative decision that there shall be but one venue determination in a cause of action protects defendants from a plaintiff's abuse of the nonsuit privilege, as did the *res judicata* rule.

Of course, our holding leaves a plaintiff's right to take a nonsuit undisturbed. Should a plaintiff choose, however, to exercise this right after a venue determination has been made, he does so at his own peril if the defendant brings the matter to the attention of the trial judge in the second suit by a motion to dismiss. If after nonsuit a plaintiff refiles the same cause of action against the same parties in a county other than that designated in the first suit as one of proper venue, the defendant may move to dismiss the second suit and, if that motion is overruled, may complain on appeal from trial on the merits in the second suit that venue in the second suit was improper because venue of the cause had already been conclusively determined in the first suit. Such a complaint requires automatic reversal of the judgment if the appellate court concludes that the district court in the first suit correctly decided the venue question. TEX.REV.CIV.STAT.ANN. art.

1995, § 4(d)(2) (Vernon Supp.1985). Similarly, a plaintiff who believes that a venue determination has been incorrectly made may challenge that determination on appeal from trial on the merits, but not after voluntary dismissal of the first suit. For example, if the Ratliffs had tried this cause in Jones County, they could have tested the Jefferson County District Judge's venue ruling in an appeal from a judgment on the merits.

■ Having held that a venue determination in the first suit is conclusive in a subsequent refiling after nonsuit of the same cause of action against the same parties, we turn to the question of whether mandamus lies to compel respondent to transfer the cause filed by the Ratliffs in Dallas County to Jones County. We hold that mandamus will not lie.[3]

Ordinarily mandamus does not lie if another remedy is available and adequate. *State v. Archer,* 163 Tex. 234, 353 S.W.2d 841 (1962); *Brazos River Conservation District v. Belcher,* 139 Tex. 368, 163 S.W.2d 183 (1942). In the situation at hand, such a remedy is available. Section 4(d)(2) of amended article 1995 expressly provides that a litigant who establishes on appeal that an improper venue determination was made in the court below is entitled to reversal of the judgment. Neither the delay in obtaining relief nor the added costs of a trial and of the appellate process makes this remedy inadequate. *See Iley v. Hughes,* 158 Tex. 362, 311 S.W.2d 648, 652 (1958).

Additionally, we note that section 4(d)(1) of amended article 1995 expressly provides that "[n]o interlocutory appeal shall lie" from a venue determination. To accede to relator's request for issuance of the writ of mandamus would be to allow what, in effect, amounts to an interlocutory appeal of the Jefferson County court's venue deter-

---

2. We need not address this question because we base our holding upon the pertinent provisions of amended article 1995 rather than upon the *res judicata* rule itself.

3. We note that our holding conflicts with dicta in an opinion of the El Paso Court of Appeals indicating that mandamus would lie in such a situation. *See Ramcon Corp. v. American Steel Building Co.,* 668 S.W.2d 459, 461 (Tex.App.—El Paso 1984, no writ).

mination, albeit in the guise of an original proceeding, despite a clear statutory directive to the contrary. This we decline to do.

Accordingly, the writ will not issue.