## IN RE LOWE'S HOME CENTERS, L.L.C.

### NUMBER 13-16-00493-CV

Court of Appeals of Texas, Corpus Christi-Edinburg.

Delivered and filed July 28, 2017

■■■■■■■■■■

■■■■■■■■■■

Anthony G. Buzbee, Christopher Leavitt, The Buzbee Law Firm, Houston, TX, for Relator.

Christopher H. Taylor, Edward F. Fernandes, Lea Brigtsen, Huston & Williams, Nicholas B. Bacarisse, Rachel A. Ekery, Wallace B. Jefferson, Alexander Dubose Jefferson & Townsend LLP, Austin, TX, Eduardo Roberto Rodriguez, Edward Michael Rodriguez, Atlas Hall & Rodriguez LLP, Brownsville, TX, for Real Parties in Interest.

Before Chief Justice Valdez and Justices Rodriguez and Benavides

**OPINION**

Opinion by Justice Rodriguez

By petition for writ of mandamus, Lowe's Home Centers, L.L.C. (Lowe's) asserts that the plaintiffs in the underlying suit cannot "fraudulently secure venue in one county and then, once the fraud is discovered, nonsuit and refile the same claims against the same parties in another county."[1] The underlying wrongful death and personal injury case was originally filed against Lowe's and other defendants in Starr County. Lowe's moved to transfer venue to Cameron County; however, the trial court denied the motion to transfer. During subsequent discovery, Lowe's discovered that the plaintiffs' venue pleadings and affidavit were at best, incorrect, and at worst, fraudulent. Lowe's notified counsel for the plaintiffs and proposed that they agree to transfer venue to Cameron County. Instead, the plaintiffs nonsuited the case in Starr County and refiled a substantially similar case in Hidalgo County.

In Hidalgo County, Lowe's moved to dismiss the lawsuit, or alternatively, to transfer the case back to Starr County. The trial court denied both motions, and this original proceeding ensued. Lowe's contends that the Hidalgo County trial court should either dismiss the suit, or alternatively, transfer the case to Starr County for a determination regarding whether, because venue was procured by fraud, the case should be heard in a county of indisputably proper venue. We conditionally grant the petition for writ of mandamus.

**I. BACKGROUND**

According to the pleadings, this case arises from a propane explosion that occurred during the early morning hours of Christmas Day in 2015 at a home owned by Sandra Leos in Cameron County. In their original petition, the plaintiffs alleged that "uncontrolled propane leaked via a defective regulator from [a] propane tank through a defective and improperly capped propane line in the family home. The explosion was of such magnitude that it blew the roof from the house, and left little more than a shell of the home remaining." Two of the family members died as a result of the explosion, and four others suffered extensive and catastrophic burn injuries.

In their third amended original petition filed in Starr County, Mirna Trevino, as next friend of J.T. and J.T., minors; Blanca

---

1. This original proceeding arises from cause number C-3001-16-A in the 92nd District Court of Hidalgo County, Texas, and the respondent in this matter is the Honorable Luis M. Singleterry. *See* TEX. R. APP. P. 52.2. The underlying lawsuit was originally filed in cause number DC-16-10 in the 229th District Court of Starr County, Texas, the Honorable Ana Lisa Garza presiding.

Moreno Garcia, individually and as next friend of S.L. and R.L., minors, and on behalf of the estate of Genesis Gonzalez Moreno De Leos; Olivia Pulido, individually and on behalf of the estate of Juan Ramon Leos; Maria Angelica Palacios Obregon; Salvador Torres Morales; and Sandra Leos, brought suit against Lowe's, Hino Gas Sales, Inc. (Hino), Rego Products, Inc. (Rego), Engineered Controls, International, L.L.C. (ECI), Thompson Tank, Inc. (Thompson), La Pulga de Rio, L.L.C. (La Pulga de Rio), La Gran Pulga, and Ramon De La Cruz.[2]

According to the petition, Hino provided the propane to the home in question and acted negligently regarding its duties to inspect and maintain the propane tank. Lowe's removed a gas dryer and gas water heater from the home and replaced them with electric appliances, but acted negligently in failing to properly cap off the gas lines to the old appliances. Rego and ECI designed, manufactured, and sold the allegedly defective regulator, and Thompson designed, manufactured, distributed, or sold the propane tank. La Pulga De Rio, La Gran Pulga, and De La Cruz sold the tank. According to the petition, De La Cruz "does business under the name" La Gran Pulga. In sum, the plaintiffs' causes of action included: negligence against Hino, Lowe's, Rego, ECI, Thompson, La Pulga, and De La Cruz; negligent misrepresentation against La Pulga, La Gran Pulga, and De La Cruz; negligence per se against Hino and Lowe's; strict products liability against Rego, ECI, Thompson, La Pulga, La Gran Pulga, and De La Cruz; and gross negligence against Hino, Rego, ECI, Thompson, and Lowe's.

The plaintiffs alleged venue was proper in Starr County as follows: "At least one of the Defendants is headquartered or resides in this County, and all or a signifi-

cant portion of the events giving rise to Plaintiffs' claims arose in this County. Venue is therefore proper in Starr County."

Various defendants, including Lowe's, Hino, ECI, Rego, De La Cruz, and La Gran Pulga, filed motions to transfer venue to Cameron County. Lowe's filed both a motion to transfer venue and a first amended motion to transfer venue. In summary, Lowe's argued that all or substantially all of the events or omissions giving rise to the lawsuit occurred in Cameron County rather than Starr County. According to Lowe's first amended motion to transfer venue: the majority of the plaintiffs reside in Cameron County; the plaintiffs' home where the explosion occurred is in Cameron County; plaintiffs allege that Hino came to plaintiff's home in Cameron County to fill the propane tank that allegedly leaked; plaintiffs allege that Lowe's removed two gas appliances from plaintiffs' home in Cameron County, replaced the gas appliances with electric appliances, and failed to cap the gas lines which allegedly leaked in the home; and Hino's principal office is in Cameron County. Lowe's asserted that the "only factual allegation related to Starr County" was that the plaintiffs allegedly purchased the tank and regulator from La Pulga in Rio Grande City, Texas. Lowe's specifically denied this venue allegation and all other allegations against La Pulga, stating that "discovery will reveal that Plaintiffs' claims against La Pulga have no basis in law or fact, and were improperly asserted in an attempt to maintain venue in Starr County." Lowe's further argued that La Pulga was not a resident of Starr County. Finally, Lowe's argued that the case should be transferred to Cameron County for the

---

2. Ramon De La Cruz and La Gran Pulga asserted that they were incorrectly sued as La Pulga de Rio, L.L.C. This distinction is not relevant to our analysis here.

convenience of the parties and in the interest of justice.

On April 18, 2016, the plaintiffs filed a response to the defendants' motions to transfer venue. The plaintiffs specifically argued that two of the defendants—La Gran Pulga and Ramon De La Cruz—resided in Starr County, and both the tank and the regulator were purchased in Starr County. According to the plaintiffs, La Gran Pulga was located in Starr County, and even if it was "an unorganized business," venue in Starr County was still proper because De La Cruz, the owner and operator of La Gran Pulga, resided in Starr County. The plaintiffs' response asserted that "Moreover, Plaintiffs attest, under oath, that they purchased the deficient propane tank and regulator from La Gran Pulga in Starr County." The response further asserted that "this same propane tank, regulator, and component system malfunctioned on Christmas Day 2015, and, in conjunction with numerous other factors, caused propane gas to accumulate in Plaintiffs' home." The response stated that:

> Sandra Leos, owner of the now destroyed house, purchased and had installed at her house a propane tank and regulator from La Gran Pulga. Before Sandra Leos purchased the tank and regulator from La Gran Pulga, agents or employees from La Gran Pulga misrepresented to her that the tank and regulator were in good working condition. After purchasing the new propane tank from La Gran Pulga, Sandra coordinated the removal of the propane tank that had previously supplied gas to her house. Once installed at her home, the new propane tank was serviced and filled by Hino Gas. The new propane tank released gas through a defective regulator that was manufactured by Rego Products/Engineered Controls. The new propane tank was the point of origination for the gas that flowed

through lines that were improperly sealed by Lowe's employees. The propane system, including the tank and regulator—both purchased in Starr County—is the nexus connecting all Defendants, and Plaintiffs' purchase of the propane tank is the first chapter in the series of transactions or occurrences that resulted in this incident. That story begins in Starr County. And because Starr County is "where the principal office of at least one Defendant is located," and because Starr County is where "a substantial part of the events or omissions giving rise to the claim occurred"; and because the propane system is the nexus connecting all alleged events into the same "series of transactions or occurrences," the story should end where it began—in Starr County.

(Footnotes omitted). The plaintiffs' response to the motion to transfer venue was supported by an affidavit furnished by Sandra Leos which provided in relevant part:

> 3. I am the owner of the property located at 1682 Calle San Pedro, San Benito, TX;
>
> 4. I purchased a propane tank and a propane regulator (collectively the "Propane Equipment") from La Gran Pulga in Starr County, TX. La Gran Pulga was involved in this transaction. La Gran Pulga is located in Starr County.
>
> 5. Before purchasing the Propane Equipment, employees working on the premises of La Gran Pulga told me that the Propane Equipment was in good working condition and the tank had no problems. Relying on the representations of these individuals, I purchased the Propane Equipment at La Gran Pulga.
>
> 6. After purchasing the Propane Equipment from La Gran Pulga, I

had the propane tank that was already at my property removed. I had a concrete slab poured on the property, and the new tank placed on that slab. Previously the tank was just resting on blocks on the yard.

7. The individuals that I believe to be employees of La Gran Pulga that were on the premises of La Gran Pulga misrepresented facts to me regarding the tank and regulator. Specifically, these individuals told me that the tank and regulator were in good working order and had no problems.

Lowe's filed a reply to the plaintiffs' response, generally alleging that the plaintiffs had not pleaded any "tenable" cause of action against the Starr County defendants because, inter alia, La Gran Pulga is a "flea market," and Cruz rented "slots" to vendors who then offered consumers items for sale.

On May 18, 2016, the Starr County trial court held a hearing on the motions to transfer venue. That same day, the Starr County court denied the defendants' motions to transfer venue. Thereafter, Lowe's pursued an interlocutory appeal of this ruling in the San Antonio Court of Appeals. *See Lowe's Home Ctrs, L.L.C. v. Trevino*, No. 04-16-00357-CV, 2016 WL 3773589, at *1 (Tex. App.—San Antonio July 13, 2016, no pet.) (per curiam mem. op.); *see also* Tex. R. App. P. 28.1; Tex. Civ. Prac. & Rem. Code Ann. § 15.003 (West, Westlaw through Ch. 49, 2017 R.S.).

On June 16, 2016, the plaintiffs filed a fourth amended petition in Starr County. In addition to other minor changes, this petition eliminated the plaintiffs' claims against Thompson.

During discovery in the Starr County case, Lowe's obtained evidence that it asserts shows that the plaintiffs' allegations placing venue in Starr County and the sworn proof supporting those allegations were "fraudulent." During discovery, Lowe's interviewed Manuel Sierra, who was the previous owner of Leos's home. Sierra told Lowe's that when he sold the home to Leos, he left at the home a propane tank and regulator that he had purchased from Lone Star Gas in Harlingen, Texas. Records from Lone Star Gas confirmed that Sierra purchased a propane tank and regulator from them. A post-accident investigation by the Texas Railroad Commission confirmed that the tank and regulator in use at the Leos home at the time of the explosion were the same products that Sierra had purchased and installed at the residence. Thus, the tank and regulator at the Leos home were not purchased at a Starr County flea market, but were instead the tank and regulator that the former owner of Sandra Leos's home had installed nine years earlier.

On June 24, 2016, after discovering these facts, Lowe's counsel contacted one of the attorneys representing the plaintiffs by telephone and informed that attorney that Lowe's had discovered that his clients had misrepresented facts regarding the purchase of the tank and regulator that affected the trial court's venue determination. Lowe's counsel advised plaintiffs' counsel that Lowe's would seek sanctions unless the plaintiffs agreed to transfer the case to the proper venue, Cameron County. Counsel for plaintiffs asked Lowe's for a few days to consider the proposal because their lead counsel was out of the country.

Rather than waiting to resolve this matter, however, the same day that this phone call took place, the plaintiffs filed the underlying suit in Hidalgo County and nonsuited the case in Starr County. The new lawsuit filed in Hidalgo County was also based on the explosion of the propane tank and is substantially similar and near-identical to the petitions filed in Starr County,

with the omission of defendants Thompson and La Pulga, La Gran Pulga, and De La Cruz, and the addition of defendant Manuel Sierra. The plaintiffs were the same as those listed in the Starr County lawsuit. According to the petition, venue was proper in Hidalgo County because Sierra resides in Hidalgo County and resided there at the time of the explosion. The petition alleged that Sierra purchased the propane tank and regulator and ordered those items to be installed and connected in such a manner that they violated various code regulations and "failed to properly regulate the flow of propane into the house." The plaintiffs further alleged that Sierra failed to have the tank and regulator inspected and regularly serviced and failed to disclose the resulting safety hazards to Leos. In sum, the plaintiffs' causes of action in this new suit in Hidalgo County included: negligence against Hino, Lowe's, Rego, and ECI; fraud, fraudulent misrepresentation, and fraud by nondisclosure against Sierra; negligence per se against Hino and Lowe's; strict products liability against Rego and ECI; and gross negligence against Hino, Rego, ECI, Lowe's, and Sierra.

In Starr County, the plaintiffs filed a notice of nonsuit "without prejudice" for all claims they had against all defendants. According to the notice of nonsuit, "Plaintiffs choose not to pursue their claims against the Defendants at this time or in this venue." As a result of the nonsuit, on June 27, 2016, Lowe's dismissed its interlocutory appeal of the Starr County venue ruling on the basis that it was moot.

In Hidalgo County, Lowe's, Hino, ECI, and Rego filed motions seeking to dismiss the Hidalgo County lawsuit, or alternatively, to transfer the case back to Starr County so that the Starr County court could determine whether, because its venue ruling was procured by false testimony, the case should be sent to a proper venue. As

will be discussed more specifically herein, Lowe's argued that venue was originally obtained fraudulently in Starr County, and that the plaintiffs had nonsuited the Starr County case to "avoid the possibility that the Starr County district court would impose sanctions for that fraud." Lowe's asserted that Texas law prohibits nonsuiting and refiling a case after a court makes a venue determination.

On August 5, 2016, the plaintiffs filed a first amended petition in Hidalgo County. This first amended petition added defendant Amalia Sierra to the lawsuit. That same day, the plaintiffs also filed an opposed motion for an expedited trial setting and preferential trial setting. On August 23, 2016, the plaintiffs filed a response to the defendants' motions to dismiss or transfer. On August 29, 2016, the defendants filed a reply in support of their motion. On August 30, 2016, the trial court held a non-evidentiary hearing on the motions to dismiss or transfer.

On September 16, 2016, the trial court overruled the defendant's motion to dismiss the case and denied their alternative request for a transfer to Starr County. The order was not accompanied by findings of fact or conclusions of law.

This original proceeding ensued. By one issue, Lowe's argues:

In *In re Team Rocket, L.P.*, 256 S.W.3d 257, 260 (Tex. 2008), the Supreme Court held that a trial court's venue ruling fixes venue as to the parties and claims in that suit. If a plaintiff nonsuits its claims after that ruling and refiles in a different county, the second court must dismiss the suit or transfer it to the county in which venue has been fixed. *Id.*; *Hendrick Med. Ctr. v. Howell*, 690 S.W.2d 42, 45 (Tex. App.—Dallas 1985, orig. proceeding), *abrogated in part on other grounds, Team Rocket*, 256 S.W.3d at 261–62. A trial court's

refusal to do so is correctable by mandamus. *Id.* at 262–63.

Unaware that Plaintiffs' sworn venue facts were false, the Starr County court ruled that Starr County venue was proper. After Lowe's perfected an appeal from that ruling, and immediately after Plaintiffs were advised that Lowe's had uncovered the venue fraud, Plaintiffs nonsuited the Starr County case and refiled in Hidalgo County.

Can a plaintiff fraudulently secure venue in one county and then, once the fraud is discovered, nonsuit and refile the same claims against the same parties in another county?

This Court granted emergency relief, ordered the trial court proceedings in Hidalgo County to be stayed, and requested that the plaintiffs, or any others whose interest would be directly affected by the relief sought, file a response to the petition for writ of mandamus. *See* TEX. R. APP. P. 52.2, 52.4, 52.8(b). Hino filed a response to and joinder in the petition for writ of mandamus. ECI filed a joinder in the petition for writ of mandamus. The plaintiffs filed a response to the petition for writ of mandamus, and Lowe's filed a reply to their response. Hino and ECI filed a joinder in Lowe's reply, and the plaintiffs filed a sur-reply.

## II. MANDAMUS STANDARD OF REVIEW

■ Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding). The relator bears the burden of proving both of these requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). Similarly, a trial court abuses its discretion when it fails to analyze or apply the law correctly. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d at 712.

■ We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). In evaluating the benefits and detriments, we consider whether mandamus will: (1) preserve important substantive and procedural rights from impairment or loss; (2) allow us to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments; and (3) spare litigants and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings. *See In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

## III. VENUE

■ Generally, all lawsuits shall be brought in: (1) the county in which all or a substantial part of the events or omissions giving rise to the claim occurred; (2) in the county of defendant's residence at the time the cause of action accrued, if the defendant is a natural person; (3) in the county of the defendant's principal office in this state, if the defendant is not a natural person; or (4) if none of the preceding three rules apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action. *See* TEX. CIV.

Prac. & Rem. Code Ann. § 15.002(a) (West, Westlaw through Ch. 49, 2017 R.S.). Because venue may be proper in a variety of counties under the venue rules, a plaintiff is given the first choice of venue in the filing of a lawsuit. *In re Team Rocket, L.P.*, 256 S.W.3d at 259; *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding); *Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 260 (Tex. 1994). The defendant may challenge the venue selection, and a court must "transfer an action to another county of proper venue if . . . the county in which the action is pending is not a proper county." Tex. Civ. Prac. & Rem. Code Ann. § 15.063(1) (West, Westlaw through Ch. 49, 2017 R.S.); *see* Tex. R. Civ. P. 87 (delineating the procedures for filing motions to transfer venue).

▪▪▪ In a section entitled "Motion for Rehearing," the venue rule provides:

> If venue has been sustained as against a motion to transfer, or if an action has been transferred to a proper county in response to a motion to transfer, then no further motions to transfer shall be considered regardless of whether the movant was a party to the prior proceedings or was added as a party subsequent to the venue proceedings, unless the motion to transfer is based on the grounds that an impartial trial cannot be had under Rules 257–259 or on the ground of mandatory venue, provided that such claim was not available to the other movant or movants.
>
> Parties who are added subsequently to an action and are precluded by this rule from having a motion to transfer considered may raise the propriety of venue on appeal, provided that the party has timely filed a motion to transfer.

Tex. R. Civ. P. 87. It is clear that the rule prohibits a second motion to transfer venue in one case unless the specified exceptions apply. *In re Hardwick*, 426 S.W.3d 151, 157 (Tex. App.—Houston [1st Dist.]

2012, orig. proceeding) ("If the trial court initially denies a motion to transfer venue, a subsequent motion to transfer venue resulting in a different venue determination violates Rule 87(5), and the second determination is void."); *Van Es v. Frazier*, 230 S.W.3d 770, 775 (Tex. App.—Waco 2007, pet. denied). The rule also prohibits a subsequent trial court—in a case involving the same parties and claims—from making its own venue determination independently of the first court. *Fincher v. Wright*, 141 S.W.3d 255, 264 (Tex. App.—Fort Worth 2004, no pet.); *Houston Livestock Show & Rodeo, Inc. v. Hamrick*, 125 S.W.3d 555, 569 (Tex. App.—Austin 2003, no pet.).

## IV. Venue Analysis

Lowe's contends that the trial court abused its discretion in refusing to dismiss or transfer the lawsuit. According to Lowe's, there may be no more than one venue determination in any suit, and the Starr County court's venue determination precludes suit in Hidalgo County. Because the Hidalgo and Starr County cases involve the same plaintiffs suing Lowe's for the same claims, the Starr County court's ruling is conclusive as to those parties and those claims, and venue is fixed as to the claims against Lowe's despite the joinder of new parties and claims. Lowe's asserts that it is irrelevant that the plaintiffs prevailed in Starr County, and the plaintiffs' recent admission that venue in Starr County was improper does not vitiate the conclusive nature of the Starr County court's venue ruling.

In response, the plaintiffs contend that dismissal or transfer of this case is improper because Lowe's did not seek the appropriate procedural remedy that was available from the Starr County court—that is—a motion for the Starr County court to vacate its venue ruling and transfer the case to Cameron County. The plaintiffs also assert that dismissal of this

case is an improper remedy and such an action would have no precedent in Texas law. According to the plaintiffs, Texas law provides that a case may only be transferred to a county of proper venue, and venue is "undeniably" improper in Starr County. Further, the plaintiffs assert that the Hidalgo County case is sufficiently distinct from the Starr County case to allow the case to proceed there.

We conclude that our analysis is governed by the supreme court's opinion in *Team Rocket. See generally In re Team Rocket, L.P.*, 256 S.W.3d at 257–63. In that case, the Texas Supreme Court decided "whether a plaintiff who was denied his initial venue of choice can nonsuit his case in the transferee county and refile in a third county," and held that "a plaintiff cannot avoid a venue ruling in such a way." *Id.* at 258. The supreme court conditionally granted mandamus relief because the trial court in the third county refused to enforce the prior order setting venue in the transferee county. *Id.*

In *Team Rocket*, the plaintiffs originally filed suit in Harris County for negligence and product liability claims arising from a fatal plane accident that occurred in Fort Bend County. *Id.* The defendants, collectively referred to as Team Rocket, moved to transfer venue to Williamson County, its principal place of business, and the trial court granted the motion. *Id.* at 259. After the case was transferred to Williamson County, the plaintiffs voluntarily nonsuited the case and "immediately filed the same claims against the same defendants" in Fort Bend County. *Id.* The Fort Bend County trial court denied Team Rocket's motion to transfer venue to Williamson County. *Id.* Team Rocket sought mandamus relief in the court of appeals, which was denied, and then pursued relief in the supreme court. *Id.*

Team Rocket argued that "only one venue determination may be made in a pro-

ceeding and that Texas Rule of Civil Procedure 87 specifically prohibits changes in venue after the initial venue ruling," and the Texas Supreme Court agreed. *Id.* In reaching this conclusion, the court examined two fundamental tenets of venue practice as incorporated in Rule 87 and the civil practice and remedies code: (1) once a trial court has ruled on proper venue, that decision cannot be the subject of interlocutory appeal; and (2) if an action has been transferred to a proper county in response to a motion to transfer, then no further motions to transfer shall be considered. *Id.* at 259–60; *see* Tex. Civ. Prac. & Rem. Code Ann. § 15.064(a) (West, Westlaw through Ch. 49, 2017 R.S.); Tex. R. Civ. P. 87(5), (6).

The supreme court further reasoned that although a trial court's ruling transferring venue is interlocutory for the parties, and thus not subject to immediate appeal, the order is final for the transferring court as long as it is not altered within the court's thirty-day plenary jurisdiction. *See In re Team Rocket, L.P.*, 256 S.W.3d at 260 (citing *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam)). The court thus stated that once a ruling regarding venue is made on the merits, "that decision becomes final as to that issue and cannot be vitiated by nonsuiting and refiling the case." *Id.* (citing *Hyundai Motor Co. v. Alvarado*, 892 S.W.2d 853, 855 (Tex. 1995) (per curiam)). The court noted that this concept is rooted in the long-standing and fundamental judicial doctrines of res judicata and collateral estoppel, which "promote judicial efficiency, protect parties from multiple lawsuits, and prevent inconsistent judgments by precluding the relitigation" of matters that have already been decided or could have been litigated in a prior suit. *Id.* (quoting *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994)). The court reasoned that just as a decision on the merits "cannot be circum-

vented by nonsuiting and refiling the case, a final determination fixing venue in a particular county must likewise be protected from relitigation." *Id.*

Reading Section 15.064 of the Texas Civil Practice and Remedies Code and Rule 87 together, the supreme court concluded "that once a venue determination has been made, that determination is conclusive as to those parties and claims." *Id.* "Because venue is then fixed in any suit involving the same parties and claims, it cannot be overcome by a nonsuit and subsequent refiling in another county." *Id.* The supreme court concluded that this holding: (1) prevented forum shopping; (2) was congruent with the historic "plea of privilege" venue practices under which a voluntary nonsuit was deemed an admission of improper venue and venue was fixed in the county to which transfer was sought; and (3) was consistent with the determinations by all courts of appeals who had considered the issue of voluntary nonsuiting and refiling in a different county following a transfer of venue. *Id.* at 261. The court thus held that once the Harris County trial court transferred the cause to the proper venue of Williamson County, "venue was fixed permanently in Williamson County for these causes of action between these parties" and the fact that "venue was also proper in Fort Bend County does not change the result." *Id.* at 260. The Texas Supreme Court concluded that the Fort Bend County trial court therefore abused its discretion by refusing to enforce the prior venue order issued by the Harris County trial court. *Id.*

The plaintiffs herein urge that *Team Rocket* is inapposite to this case because while the defendants in *Team Rocket* were seeking to transfer venue to a county where venue was proper, Lowe's is attempting to transfer the case to Starr County despite the fact that venue is "irrefutably improper" there. The plaintiffs also

urge that the Hidalgo County case is sufficiently distinct from the Starr County case to maintain venue there. According to the plaintiffs, they have dropped all claims against three defendants from the Starr County case and have added two new defendants and "unique" claims against those defendants. The plaintiffs further argue that they have "added new claims against the new parties to the Hidalgo County case" and plan to add additional claims to that case after the notice period required by the Texas Deceptive Trade Practices and Consumer Protection Act has elapsed. *See generally* TEX. BUS. & COM. CODE ANN. § 17.505 (West, Westlaw through Ch. 49, 2017 R.S.) (requiring "written notice" as a "prerequisite to filing a suit seeking damages" under the consumer relief provision of the deceptive trade practices act).

■■■■ While *Team Rocket* is not directly on point insofar as that case concerned the propriety of a nonsuit taken after a motion to transfer was granted, rather than denied as in this case, we are guided here by the fundamental rules articulated by the supreme court in that case. Specifically, once the Starr County court made its venue determination, that venue determination could not be overcome by a nonsuit and subsequent refiling in another county. *See In re Team Rocket, L.P.*, 256 S.W.3d at 260; *see also Gilcrease v. Garlock, Inc.*, 211 S.W.3d 448, 460 (Tex. App.—El Paso 2006, no pet.); *Fincher*, 141 S.W.3d at 260; *In re Shell Oil Co.*, 128 S.W.3d 694, 696 (Tex. App.—Beaumont 2004, orig. proceeding); *Le v. Kilpatrick*, 112 S.W.3d 631, 633 (Tex. App.—Tyler 2003, no pet.); *Hendrick Med. Ctr. v. Howell*, 690 S.W.2d 42, 44 (Tex. App.—Dallas 1985, orig. proceeding), *abrogated on other grounds by In re Team Rocket, L.P.*, 256 S.W.3d 257. As the supreme court explained, "plaintiffs [have] the first choice, but not the second, of a proper venue." *In*

*re Masonite Corp.*, 997 S.W.2d at 198; *see In re Travelers Prop. Cas. Co. of Am.*, 485 S.W.3d 921, 926 (Tex. App.—Dallas 2016, orig. proceeding); *see also Tenneco, Inc. v. Salyer*, 739 S.W.2d 448, 449 (Tex. App.—Corpus Christi 1987, orig. proceeding) (holding plaintiff may not correct improper venue choice by filing motion to transfer venue); *Maranatha Temple, Inc. v. Enter. Prods. Co.*, 833 S.W.2d 736, 741 (Tex. App.—Houston [1st Dist.] 1992, writ denied) ("If the plaintiff files suit in an impermissible county, he waives his option of where to file suit...."); *see also Davis v. State Farm Lloyds Tex.*, No. 03-14-00540-CV, 2014 WL 6845106, at *2 (Tex. App.—Austin Nov. 26, 2014, no pet.) (mem. op.) ("Nothing in the venue statute or the Texas Rules of Civil Procedure provides that a plaintiff may correct his initial venue choice by filing a motion to transfer venue."). Accordingly, the Hidalgo County court abused its discretion by denying Lowe's motion to dismiss or transfer and in maintaining venue in that county.

■ The plaintiffs have urged that the parties for the Hidalgo County action are different from the Starr County action, and thus the foregoing rules should not apply in this case. The Texas Supreme Court has held that "once a venue determination has been made, that determination is conclusive as to those parties and claims." *See In re Team Rocket, L.P.*, 256 S.W.3d at 260. A venue determination "irrevocably fixes venue of any suit involving the same subject matter and parties." *Miller v. State & Cty Mut. Fire Ins. Co.*, 1 S.W.3d 709, 712–13 (Tex. App.—Fort Worth 1999, pet. denied); *see Tex. Emp'rs' Ins. Ass'n v. Orozco*, 681 S.W.2d 245, 245 (Tex. App.—San Antonio 1984, no writ); *Pinney v. Cook*, 558 S.W.2d 33, 36 (Tex. Civ. App.—Corpus Christi 1977, no writ); *Hagemeister v. Vanity Fair Props.*, 503 S.W.2d 879, 881 (Tex. Civ. App.—Tyler 1973, writ dism'd). This is so because "collateral estoppel dictates that venue of any subsequent suit involving the same subject matter and the same parties as the initial suit be governed by the venue determination in the initial suit." *Miller*, 1 S.W.3d at 713; *see Orozco*, 681 S.W.2d at 245–46; *Pinney*, 558 S.W.2d at 36.

■ In this case, the Hidalgo County lawsuit concerns the exact same subject matter as the Starr County lawsuit. Both cases are based on the explosion of the propane tank and the resulting personal injury and wrongful death damages. The factual allegations and causes of action in the underlying proceeding in Hidalgo County are substantially similar and nearly identical to the petitions filed by the plaintiffs in Starr County. The plaintiffs listed in the first amended petition in Hidalgo County are the same plaintiffs listed in the fourth amended petition in Starr County. The defendants in the first amended petition in Hidalgo County are the same defendants listed in the fourth amended petition in Starr County—Hino, Rego, ECLI, and Lowe's—and the only change between the two petitions is the omission of defendants La Gran Pulga and De La Cruz and their substitution with defendants Manuel and Amalia Sierra. The substitution of some of the parties in the Hidalgo County suit does not affect the conclusive nature of the Starr County court's venue determination as to those parties in that case. *See Pinney*, 558 S.W.2d at 37 ("The mere presence of Dodd does not prevent the former judgment from binding both Cook and Pinney who were parties to that judgment and to this suit in which Pinney asserted the plea of res judicata."); *Sw. Inv. Co. v. Gibson*, 372 S.W.2d 754, 756 (Tex. Civ. App.—Fort Worth 1963, no writ) ("The mere presence in one suit of additional parties not included in that wherein a valid judgment is claimed to have operation to estop prosecution thereof does not prevent the estop-

pel of the former judgment from binding those who were parties to it and also parties to the suit in which a plea of res judicata is set up.").

Finally, the plaintiffs contend that we should deny mandamus relief because Lowe's "did not seek the appropriate procedural remedy that was available from the Starr County Court." According to the plaintiffs, Lowe's "chose not to exercise its adequate legal remedy in Starr County—a motion to vacate." The plaintiffs assert that Lowe's should have filed a motion for the Starr County court to vacate its venue ruling and transfer the case to Cameron County. We disagree.

After the plaintiffs nonsuited the Starr County suit and filed suit in Hidalgo County, Lowe's immediately pursued a motion to transfer or dismiss in that court. Under these circumstances, we reject the contention that Lowe's should be denied mandamus relief because it should have filed a motion to vacate in the Starr County case. The plaintiffs have not offered any authority that a motion to vacate was Lowe's sole alternative remedy under these facts, and we decline to engraft such a requirement in this situation. We conclude that Lowe's sufficiently preserved error. *See generally Burbage v. Burbage*, 447 S.W.3d 249, 256 (Tex. 2014) (discussing preservation of error under the appellate rules); *see also* Tex. R. App. P. 33.1. Moreover, counsel for Lowe's had contacted the plaintiffs' counsel to see if they would agree to transfer the case to Cameron County or instead, force Lowe's to go ahead with its sanctions motion. Instead, the plaintiffs nonsuited and refiled in Hidalgo County, thereby effectively preventing Lowe's from pursuing any action in the Starr County court. In other words, as a pragmatic matter, there was no live cause of action pending in Starr County because the plaintiffs had already nonsuited that cause of action.

Under the foregoing authority and analysis, we conclude that the Hidalgo County court abused its discretion in retaining the underlying case. The Starr County court's venue determination was conclusive as to the parties and claims in that suit, and that determination could not be overcome by a nonsuit and subsequent filing in Hidalgo County. *See In re Team Rocket, L.P.*, 256 S.W.3d at 260.

## V. ADEQUACY OF APPELLATE REMEDY

Having concluded that the trial court erred, we must now address whether Lowe's possesses an adequate remedy by appeal. Permissive venue determinations generally are not reviewable by mandamus because there is an adequate appellate remedy. *See In re Masonite Corp.*, 997 S.W.2d at 197; *Bridgestone/Firestone, Inc. v. Thirteenth Court of Appeals*, 929 S.W.2d 440, 441 (Tex. 1996) (orig. proceeding); *see also In re Regal Energy, L.L.C.*, No. 13-13-00351-CV, 2013 WL 5305240, at *3 (Tex. App.—Corpus Christi Sept. 19, 2013, orig. proceeding) (mem. op.). Nevertheless, mandamus review of a permissive venue determination is appropriate in "extraordinary circumstances." *In re Team Rocket, L.P.*, 256 S.W.3d at 262 (stating that, in a venue case, extraordinary relief can be warranted when a trial court subjects taxpayers, defendants, and all of the state's district courts to meaningless proceedings and trials); *In re Masonite Corp.*, 997 S.W.2d at 197 (finding extraordinary circumstances existed where the "trial court improperly applied the venue statute and issued a ruling that permits a plaintiff to abuse the legal system"); *Henderson v. O'Neill*, 797 S.W.2d 905, 905 (Tex. 1990) (orig. proceeding) (per curiam) (concluding that mandamus was an appropriate remedy for the trial court's failure to follow applicable venue procedure in ruling on a motion to transfer venue without providing advance notice); *see also In re Reynolds*,

369 S.W.3d 638, 647 (Tex. App.—Tyler 2012, orig. proceeding); *In re Shell Oil Co.*, 128 S.W.3d at 696–97; *In re Berry GP, Inc.*, No. 09-16-00292-CV, 530 S.W.3d 201, 205, 2016 WL 6518610, at *4 (Tex. App.—Beaumont Nov. 3, 2016, orig. proceeding) (mem. op.).

▇ In evaluating the benefits of mandamus review against the detriments in this case, we consider the three factors delineated by the Texas Supreme Court in *Prudential* and utilized in *Team Rocket*. *See In re Team Rocket, L.P.*, 256 S.W.3d at 262; *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. These factors favor mandamus review. First, the present case involves an impairment of Lowe's procedural rights. The supreme court in *Team Rocket* recognized that Texas venue statutes "create a balance" by giving the plaintiff "the first choice of venue when he files suit" and restricting the defendant to one motion to transfer that venue. *In re Team Rocket, L.P.*, 256 S.W.3d at 262. The court reasoned that the plaintiff's taking a nonsuit and refiling the suit in another county in response to an unfavorable ruling on the defendant's motion to transfer venue violated the defendant's procedural rights by permitting the plaintiff to circumvent the balance established by the venue rule. *Id.* at 261. In this case, the trial court has similarly improperly applied the venue statute and issued a ruling that allows the plaintiffs the second choice of venue. *In re Masonite Corp.*, 997 S.W.2d at 197; *see In re Reynolds*, 369 S.W.3d at 657; *see also In re ExxonMobil Prod. Co.*, 340 S.W.3d 852, 858 (Tex. App.—San Antonio 2011, orig. proceeding) ("Here, the plaintiffs have filed a separate, concurrent suit in another county and have thereby impaired the defendants' procedural rights to defend against only one lawsuit in the venue that the plaintiff first chose to file suit."). Similarly, in this case the plaintiffs have filed a separate suit in another county and have thereby impaired Lowe's procedural rights

to defend against only one lawsuit in the venue in which the plaintiffs first chose to file suit. *See In re Team Rocket, L.P.*, 256 S.W.3d at 262; *In re ExxonMobil Prod. Co.*, 340 S.W.3d at 858–59.

Second, mandamus review presents this Court with the opportunity to give needed and helpful direction to the law. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. In *Team Rocket*, the supreme court suggested that this factor weighs in favor of mandamus if a legal issue "is likely to recur, as demonstrated by the ... decisions that have already addressed it." *In re Team Rocket, L.P.*, 256 S.W.3d at 262. Based on our review of the law discussed in this opinion, the issue of venue following a nonsuit is likely to recur. *See, e.g., id.*; *Fincher*, 141 S.W.3d at 260 ("While on its face rule 87(5) appears to apply only to venue determinations by the same trial court in the same case, the same principle should apply to prohibit a subsequent trial court—in a case involving the same parties and claims—from making its own venue determination independently of the first court."); *In re Shell Oil Co.*, 128 S.W.3d at 696 ("Venue of any subsequent suit involving the same subject matter and the same parties as the initial suit is governed by the venue determination in the initial suit."); *Hendrick Med. Ctr.*, 690 S.W.2d at 45–46.

Third, the present case raises similar concerns as *Team Rocket* because the trial court's failure to grant Lowe's motion to dismiss or transfer will result in an irreversible waste of resources. *See In re Team Rocket, L.P.*, 256 S.W.3d at 262; *Coastal Oil & Gas Corp. v. Flores*, 908 S.W.2d 517, 518 (Tex. App.—San Antonio 1995). In *Team Rocket*, the supreme court noted that a subsequent reversal of a trial court ruling on venue that was the object of the relator's request for mandamus relief and the retrying of the case would

"subject[ ] taxpayers, defendants, and all of the state's district courts to meaningless proceedings and trials." 256 S.W.3d at 262. Stated otherwise, "mandamus relief is appropriate to 'spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.'" *In re John G. & Marie Stella Kenedy Mem'l Found.*, 315 S.W.3d 519, 523 (Tex. 2010) (orig. proceeding) (quoting *In re Prudential*, 148 S.W.3d at 136). This concern weighs in favor of granting mandamus. *See, e.g., In re Team Rocket, L.P.*, 256 S.W.3d at 262.

Considering the extraordinary circumstances present here, we conclude that the detriments to issuing mandamus relief are outweighed by the benefits. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36. Accordingly, we agree with Lowe's that it has no adequate remedy by appeal.

## VI. Dismissal or Transfer

We have concluded that the trial court abused its discretion and that Lowe's lacks an adequate remedy by appeal; however, we must further address the appropriate remedy in this situation. Lowe's contends that this Court should compel the respondent to vacate its order denying Lowe's motion to dismiss or transfer and order the respondent to dismiss the Hidalgo County suit against Lowe's, or alternatively, transfer the plaintiffs' claims against Lowe's to Starr County, where Lowe's "will continue to challenge" the "fraudulently-secured venue."

We first address Lowe's request for dismissal of the case. The plaintiffs contend that there is no authority in favor of dismissal. Lowe's bases its request for dismissal on the following language from the Dallas Court of Appeals in *Hendrick Medical Center v. Howell*:

> The res judicata rule was adopted to prevent defendants from being subjected to the harassment and expense of

presenting their venue claims in a number of successive forums as a consequence of a plaintiff's nonsuiting and subsequent refiling of the same cause of action in different counties. The legislative decision that there shall be but one venue determination in a cause of action protects defendants from a plaintiff's abuse of the nonsuit privilege, as did the res judicata rule.

> Of course, our holding leaves a plaintiff's right to take a nonsuit undisturbed. Should a plaintiff choose, however, to exercise this right after a venue determination has been made, he does so at his own peril if the defendant brings the matter to the attention of the trial judge in the second suit by a motion to dismiss. If after nonsuit a plaintiff refiles the same cause of action against the same parties in a county other than that designated in the first suit as one of proper venue, the defendant may move to dismiss the second suit and, if that motion is overruled, may complain on appeal from trial on the merits in the second suit that venue in the second suit was improper because venue of the cause had already been conclusively determined in the first suit. Such a complaint requires automatic reversal of the judgment if the appellate court concludes that the district court in the first suit correctly decided the venue question. Similarly, a plaintiff who believes that a venue determination has been incorrectly made may challenge that determination on appeal from trial on the merits, but not after voluntary dismissal of the first suit.

690 S.W.2d at 45 (internal citations omitted); *see also In re Milton*, 420 S.W.3d 245, 267 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding) ("His pleadings, which certified that he and Nicolette had both resided in Fort Bend County for the preceding ninety days, were, therefore,

fraudulent and subject to dismissal upon challenge by Nicolette."). Accordingly, there is some authority in support of the argument that dismissal is an available remedy in this situation.

■ Lowe's has alternatively asserted that we should direct the trial court to transfer the case to Starr County so that the defendants can "seek sanctions for the fraudulent venue allegations and proof— sanctions that include a transfer to Cameron County, which would have occurred but for Plaintiffs' fraud on the court." *See, e.g., In re Team Rocket, L.P.*, 256 S.W.3d at 263. In response, the plaintiffs contend that we cannot order the Hidalgo County court to transfer the case back to Starr County because that county is "undeniably improper."[3] We concur with the plaintiffs' concerns that transferring the case to Starr County is transferring the case to a county of indisputably improper venue. *See In re Milton*, 420 S.W.3d at 267–68 ("A Texas court has no authority to transfer a case to a county in which venue does not lie."); *see also In re Rio Grande Valley*

*Gas Co.*, 987 S.W.2d 167, 172, 176 (Tex. App.—Corpus Christi 1999, orig. proceeding). We agree that under normal circumstances, a case cannot be transferred to a court of improper venue. However, the circumstances presented by this record are far from normal.

■ We conclude that the appropriate course of action as between requiring the Hidalgo County court to dismiss the case or requiring it to transfer the case back to Starr County is to require transfer of the case to Starr County. Fundamentally, the Starr County court made the initial venue determination in this case and that venue determination would preclude the Hidalgo County court from addressing the issue of venue by dismissing the case based on the venue allegations. *See In re Team Rocket, L.P.*, 256 S.W.3d at 260; *Fincher*, 141 S.W.3d at 264; *Houston Livestock Show & Rodeo, Inc.*, 125 S.W.3d at 569.[4] Moreover, the Starr County court should have the opportunity to determine, in the first instance, the effect of the plaintiffs' venue

3. It is ironic that the plaintiffs contend that the case cannot be transferred to Starr County when that was the venue that they chose. The general principle is that a litigant cannot ask something of a court and then complain that the court committed error by giving it to him. *See In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 646 (Tex. 2009); *Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 862 (Tex. 2005); *Lamell v. OneWest Bank, FSB*, 485 S.W.3d 53, 64 (Tex. App.—Houston [14th Dist.] 2015, pet. denied).

4. What is less clear, however, is under what circumstances a trial court may reconsider its own ruling sustaining venue. There is a split in authority regarding whether a trial court has authority to reconsider its venue ruling. Several courts have held that Rule 87(5) does not prevent reconsideration of the first motion to transfer venue. *See, e.g., In re Reynolds*, 369 S.W.3d 638, 647–48 (Tex. App.—Tyler 2012, orig. proceeding); *Orion Enters., Inc. v. Pope*, 927 S.W.2d 654, 659 (Tex. App.—San Antonio 1996, orig. proceeding

[motion to file mandamus overruled]); *see also Tex. Ethics Comm'n v. Sullivan*, No. 02-15-00103-CV, 2015 WL 6759306, at *3 (Tex. App.—Fort Worth Nov. 5, 2015, pet. denied) (mem. op.). The Texas supreme court, in dicta, has stated that a party might be entitled to mandamus relief if a court refuses to reconsider a ruling on venue. *HCA Health Servs. of Tex., Inc. v. Salinas*, 838 S.W.2d 246, 248 (Tex. 1992). Other courts have held that a trial court cannot reconsider the denial of a motion to transfer venue. *Dorchester Master Ltd. P'ship v. Anthony*, 734 S.W.2d 151, 152 (Tex. App.—Houston [1st Dist.] 1987, orig. proceeding); *see also In re Med. Carbon Res. Inst., L.L.C.*, No. 14-07-00935-CV, 2008 WL 220366, at *1–2 (Tex. App.—Houston [14th Dist.] Jan. 29, 2008, orig. proceeding) (mem. op.); *Marathon Corp. v. Pitzner*, 55 S.W.3d 114, 137 n.6 (Tex. App.—Corpus Christi 2001), *rev'd on other grounds*, 106 S.W.3d 724 (Tex. 2003) (per curiam). We note that none of these cases address the factual and legal situation presented here.

allegations and nonsuit insofar as these matters arose in that court, that court has knowledge of the proceedings, and that court has the opportunity to further develop a record on these matters. We note, in this regard, that we express no opinion here regarding the effect of the venue proceedings in this case. The future course of this litigation, whether it would be dismissal, *see In re Milton*, 420 S.W.3d at 267; *Hendrick Med. Ctr.*, 690 S.W.2d at 45, transfer to Cameron County as sanctions as requested in the original motions to transfer venue, *see In re Team Rocket, L.P.*, 256 S.W.3d at 263, *In re Shell Oil Co.*, 128 S.W.3d at 696,[5] or otherwise, should be addressed in the first instance by the Starr County court.

## VII. CONCLUSION

■ We conclude that the respondent abused his discretion by denying Lowe's motion to dismiss or transfer and retaining venue in Hidalgo County because the Starr County court had already made a venue determination, and that determination could not be overcome by the plaintiffs' nonsuit and subsequent filing in another county. *See In re Team Rocket, L.P.*, 256 S.W.3d at 260–61. We note that appellate courts "[look] with disfavor on nonsuits that are filed to circumvent legal restrictions or unfavorable rulings." *Bruington Eng'g Ltd. v. Pedernal Energy L.L.C.*, 403 S.W.3d 523, 532 (Tex. App.—San Antonio 2013, no pet.); *see, e.g., In re Team Rocket, L.P.*, 256 S.W.3d at 260; *In re Bennett*, 960 S.W.2d 35, 36 (Tex. 1997).

Accordingly, the Court, having examined and fully considered the petition for writ of mandamus, the response, the reply, and

the sur-reply, is of the opinion that Lowe's, Hino, and ECI have met their burden to obtain relief by mandamus. Thus, we lift the stay previously granted in this case. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We conditionally grant the petition for writ of mandamus and direct the respondent to vacate his order of September 16, 2016, denying Lowe's motion to dismiss the case and alternative request for a transfer to Starr County, and to issue an order granting the motion to transfer and transferring the case to Starr County. Our writ will issue only if the respondent fails to comply.

---

5. *Cf. Olson v. Tromba*, 615 S.W.2d 875, 877 (Tex. Civ. App.—Houston [1st Dist.] 1981, writ dismissed) ("Our courts have held that suit cannot be maintained under a venue exception if the claim is fraudulently asserted."); *see also Sun Oil Co. (Del.) v. Hall*, 566 S.W.2d 696, 698 (Tex. Civ. App.—Austin 1978, no writ) (holding that if a claim on which venue could be maintained in the county of suit is fraudulently asserted, the plea of privilege must be sustained).