**Opinion issued March 23, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00650-CV

————————————

**RYAN MARINE SERVICES, INC. AND TRIONICS, LLC, Appellants**

**V.**

**ANTHONY HOFFMAN, AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF RAYMOND HERRERA, SR., SHERRY BEARDEN, RAYMOND HERRERA, JR., TABITHA HERRERA, STEVEN LEE EDISON, APRIL CORONA, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF CONSTANTINO CORONA, AND MARIA DOLORES MONTENEGRO, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOSE ANTONIO ROBLES MONTENEGRO, Appellees**

On Appeal from the 234th District Court
Harris County, Texas
Trial Court Case No. 2022-00635

*and*

————————————

_____

## IN RE RYAN MARINE SERVICES, INC. AND TRIONICS, LLC, Relators

_____

## Original Proceeding on Petition for Writ of Mandamus

_____

### O P I N I O N

There are two related proceedings pending before this Court. Appellants, Ryan Marine Services, Inc. ("Ryan Marine") and Trionics, LLC ("Trionics") (collectively, "appellants"), have filed an interlocutory appeal[1] challenging the trial court's order denying their motions to transfer venue filed in the wrongful death and survival suit[2] of appellees, Anthony Hoffman, as personal representative of the estate of Raymond Herrera, Sr. ("Raymond"), Sherry Bearden,[3] Raymond Herrera, Jr. ("Raymond Jr."),[4] Tabitha Herrera ("Tabitha"),[5] Steven Lee Edison and April Corona ("April"),[6] individually and as representatives of the estate of Constantino Corona ("Constantino"), and Maria Dolores Montenegro ("Maria"), individually

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(b); appellate cause no. 01-22-00650-CV.

[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 71.001–.012, 71.021–.022.

[3] Bearden is the surviving spouse of Raymond.

[4] Raymond Jr. is the son of Raymond.

[5] Tabitha is the daughter of Raymond.

[6] April is the daughter of Constantino.

and as representative of the estate of Jose Antonio Robles Montenegro ("Jose") (collectively, "appellees"). In their sole issue,[7] appellants contend that the trial court erred in denying their motions to transfer venue of appellees' instant suit from Harris County, Texas to Galveston County, Texas.

Appellants have also filed a petition for writ of mandamus[8] challenging the trial court's order denying their motions to transfer venue.[9]

We reverse the trial court's order denying appellants' motions to transfer venue and remand. We dismiss appellants' petition for writ of mandamus as moot.[10]

---

[7] Although appellants list two issues in the "Issues Presented" section of their appellants' brief, the second issue is not applicable to their interlocutory appeal.

[8] Appellate cause no. 01-22-00713-CV.

[9] The underlying case is *Anthony Hoffman, as Personal Representative of the Estate of Raymond Herrera, Sr., Sherry Bearden, Raymond Herrera, Jr., Tabitha Herrera, Steven Lee Edison and April Corona, Individually and as Representatives of the Estate of Constantino Corona, and Maria Dolores Montenegro, Individually and as Representative of the Estate of Jose Antonio Robles Montenegro v. Ryan Marine Services, Inc. and Trionics, LLC*, Cause No. 2022-00635, in the 234th District Court of Harris County, Texas, the Honorable Lauren Reeder presiding.

[10] *Cf. In re Bayer Crop Sci. L.P.*, No. 09-22-00232-CV, 2022 WL 16993400, at *1 (Tex. App.—Beaumont Nov. 17, 2022, orig. proceeding) (mem. op.) (dismissing relators' mandamus petition as moot where appellate court reviewed trial court's denial of motion to transfer venue through interlocutory appeal also filed by relators); *Honeywell Int'l, Inc. v. Davis*, No. 01-19-00013-CV, 2020 WL 4873562, at *4 n.7 (Tex. App.—Houston [1st Dist.] Aug. 20, 2020, no pet.) (mem. op.) (dismissing appellants' alternative request for mandamus relief as moot where this Court concluded it had jurisdiction over appellants' interlocutory appeal).

3

**Background**

In their petition, filed on January 5, 2022, appellees allege that on January 14, 2020, "a 600-foot tanker vessel" (the "tanker vessel") "collided with a commercial fishing vessel" (the "fishing vessel") in the ship channel near Galveston, Texas. At the time, Raymond, Constantino, Jose, and Edison were working crewmembers aboard the fishing vessel. As a result of the collision, Raymond, Constantino, and Jose drowned and Edison was injured. According to appellees, "[a]t all relevant times," the fishing vessel was unseaworthy.

Appellees further allege that before the collision, Ryan Marine, a Texas corporation with its principal place of business in Galveston, performed maintenance on various equipment onboard the fishing vessel but its employees failed to do so consistent with the applicable standards of care. Ryan Marine's actions caused, or contributed to cause, the fishing vessel's "incapacity and unseaworthy condition," which caused or contributed to the January 14, 2020 collision.

Appellees also allege that before the collision, Trionics, a limited liability company with its principal place of business in Webster, Texas, inspected the fishing vessel's equipment "related to [the need for] potential repair work . . . for [the] communications antennas . . . [on]board" the fishing vessel. Trionics's employees failed to properly identify the number of inoperable antennas on the fishing vessel, and based on the representations made by Trionics, the port captain of the fishing

vessel "believed that there were two working antennas on the [fishing] vessel." But, in reality, only one antenna was working on the day of the collision, and had the port captain been properly informed about the condition of the fishing vessel's antennas, he would not have allowed the fishing vessel to go out in the ship channel on January 14, 2020 with only one working antenna and a radio.

Appellees brought claims for negligence against appellants. As to their negligence claims against Ryan Marine, appellees assert that Ryan Marine was negligent in:

- Failing to provide proper and adequate equipment on the fishing vessel;

- Failing to maintain the fishing vessel and its appurtenances and/or equipment in a safe and reasonable state of repair;

- Failing to adequately inspect the fishing vessel and its appurtenances and/or equipment;

- Failing to assess the conditions onboard the fishing vessel and provide proper repairs;

- Failing to eliminate dangerous conditions on the fishing vessel;

- Failing to warn Raymond, Constantino, Jose, and Edison of the dangerous conditions on the fishing vessel;

- Failing to properly supervise its crews;

- Failing to property train its employees;

- Hiring its employees;

5

- Violating the applicable United States Coast Guard, Occupational Safety and Health Administration, and other local, state, and/or federal regulations;

- Failing to implement safety policies and procedures applicable to its subsidiary companies that were sufficient to minimize the risk to Jose and others; and

- Undertaking and breaching a duty to provide the service of maintenance on the fishing vessel, which was necessary for the protection of Jose, such that it increased the risk of harm to Jose and others.

According to appellees, the aforementioned acts or omissions by Ryan Marine proximately caused the deaths of Raymond, Constantino, and Jose and appellees' injuries and damages.

As to their negligence claims against Trionics, appellees assert that Trionics was negligent in:

- Failing to provide proper and adequate equipment on the fishing vessel;

- Failing to communicate the condition of the equipment on the fishing vessel, including, but not limited to, the condition of the radios and antennas on board;

- Failing to adequately inspect the fishing vessel and its appurtenances and/or equipment;

- Failing to warn Raymond, Constantino, Jose, and Edison of the dangerous conditions on the fishing vessel;

- Failing to properly supervise its crews;

- Failing to properly train its employees; and

- Hiring its employees.

Appellees allege that the acts or omissions by Trionics proximately caused the deaths Raymond, Constantino, and Jose and appellees' injuries and damages.

Appellants moved to transfer venue to Galveston County.[11] In their motions to transfer venue, appellants asserted that all of appellees' claims arose out of the January 14, 2020 collision between the tanker vessel and the fishing vessel near Galveston and appellants' alleged negligent acts and omissions related to that collision. According to appellants, Hoffman, Bearden, Raymond Jr., and Tabitha filed a wrongful death and survival suit against Ryan Marine on March 5, 2021 (the "first suit") in Harris County, alleging negligence claims against Ryan Marine.[12] Also, on March 5, 2021, Edison and April filed a petition in intervention in the first suit, asserting negligence claims against Ryan Marine.[13] Maria filed a petition in intervention in the first suit on July 1, 2021, asserting negligence claims against

---

[11] Appellants filed separate motions to transfer venue, but the arguments raised within each motion were the same and both Ryan Marine and Trionics requested transfer of appellees' instant suit to Galveston County. Thus, appellants' motions to transfer venue will be discussed together.

[12] *See Anthony M. Hoffman, as Personal Representative of the Estate of Raymond Anthony Herrera, Sr., Sherry Bearden, Raymond Herrera, Jr., and Tabitha Herrera v. Ryan Marine Services, Inc.*, Cause No. 2021-12654, in the 61st District Court of Harris County, Texas. Trionics attached to its motion to transfer venue a copy of the March 5, 2021 petition filed in the first suit by Hoffman, Bearden, Raymond, Jr., and Tabitha.

[13] Trionics attached to its motion to transfer venue a copy of the March 5, 2021 petition in intervention filed in the first suit by Edison and April.

7

Ryan Marine.[14]  All negligence claims asserted by appellees in the first suit arose out of the January 14, 2020 collision between the tanker vessel and the fishing vessel.

While the first suit was pending in Harris County, Ryan Marine moved to transfer venue to Galveston County,[15] arguing that Harris County was not a proper venue for the first suit because none "of the events giving rise to [the] alleged causes of action" occurred in Harris County.  Instead, "[a]ll events giving rise to [the] alleged causes of action occurred in or just offshore of Galveston County in Texas territorial waters."  Further, Ryan Marine's principal place of business was located in Galveston, and none of the plaintiffs resided in Harris County at the time their alleged causes of action accrued.[16]

On May 6, 2021, the Harris County trial court in the first suit granted Ryan Marine's motion to transfer and ordered that the first suit be transferred to a district

---

[14]   Trionics attached to its motion to transfer venue a copy of the July 1, 2021 petition in intervention filed in the first suit by Maria.

[15]   Trionics attached to its motion to transfer venue a copy of Ryan Marine's motion to transfer venue filed in the first suit.

[16]   *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a) (providing generally "all lawsuits shall be brought: (1) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred; (2) in the county of [the] defendant's residence at the time the cause of action accrued if [the] defendant is a natural person; (3) in the county of the defendant's principal office in this [S]tate, if the defendant is not a natural person; or (4) if [s]ubdivisions (1), (2), and (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action").

court in Galveston County.[17]  The trial court's order granting Ryan Marine's motion to transfer venue stated that the trial court, "after considering [the] motion, the pleadings on file, the agreement of the parties, the applicable law, the arguments of counsel, if any, and the evidence presented, [was] of the opinion that . . . Ryan Marine's Motion to Transfer Venue ha[d] merit and should in all things be granted." Thus, the trial court "ordered, adjudged and decreed that . . . Ryan Marine's Motion to Transfer Venue [was] granted."[18]  (Emphasis omitted.)

After the first suit was transferred to Galveston County, appellees, on January 5, 2022, filed a notice of nonsuit of the first suit without prejudice.[19]  And, that same day, appellees filed their petition in Harris County in the instant wrongful death and survival suit against appellants, alleging negligence claims against appellants arising out of the January 14, 2020 collision between the tanker vessel and the fishing vessel.[20]

---

[17]  *See Anthony Hoffman, as the Personal Representative of the Estate of Raymond Herrera, Sr., Sherry Bearden, Raymond Herrera, Jr., and Tabitha Herrera v. Ryan Marine Services, Inc.*, Cause No. 21-CV-0674, in the 122nd District Court of Galveston County, Texas.

[18]  Trionics attached to its motion to transfer venue a copy of the Harris County trial court's May 6, 2021 order in the first suit granting Ryan Marine's motion to transfer venue.

[19]  Trionics attached to its motion to transfer venue a copy of the January 5, 2022 notice of nonsuit filed by appellees after the transfer of the first suit to Galveston County.

[20]  Trionics attached to its motion to transfer venue the January 5, 2022 petition filed by appellees in the instant suit.

Appellants, in their motions to transfer venue, argued that venue was not proper in Harris County for the instant suit because, under the Texas Supreme Court's decision in *In re Team Rocket, L.P.*, 256 S.W.3d 257 (Tex. 2008) (orig. proceeding), "[o]nce a ruling is made on a motion to transfer venue . . . that decision becomes final as to that issue and cannot be vitiated by [the] nonsuiting and refiling [of a] case."[21] (Internal quotations omitted.) Here, in the first suit, the Harris County trial court made a venue determination when it granted Ryan Marine's motion to transfer venue and ordered that the first suit be transferred to Galveston County. The Harris County trial court's decision on venue in the first suit was "conclusive and venue for [appellees'] claims" arising out of the January 14, 2020 collision between the tanker vessel and the fishing vessel was thus "permanently fixed" in Galveston County. (Internal quotations omitted.) And according to appellants, appellees could not circumvent the venue determination made by the Harris County trial court in the first suit by nonsuiting the first suit and refiling the instant suit in Harris County.

Appellants noted that although appellees only sued Ryan Marine in the first suit and not Trionics that fact did not change the "conclusive nature" of the Harris County trial court's venue determination in the first suit. (Internal quotations omitted.) In fact, the Corpus Christi Court of Appeals had dealt with the exact same issue in *In re Lowe's Home Centers, L.L.C.*, 531 S.W.3d 861 (Tex. App.—Corpus

---

[21] *See In re Team Rocket, L.P.*, 256 S.W.3d 257, 260 (Tex. 2008) (orig. proceeding).

10

Christi–Edinburg 2017, orig. proceeding). And relying on the Texas Supreme Court's decision in *In re Team Rocket*, the Corpus Christi Court of Appeals had explained that "once a ruling regarding venue is made on the merits, that decision becomes final as to that issue and cannot by vitiated by [the plaintiffs] nonsuiting and refiling [a] case."[22] Further, the court of appeals concluded that "[t]he substitution of some of the parties in the [plaintiffs' new] . . . suit d[id] not affect the conclusive nature of the . . . [trial] court's venue determination" in the first suit filed by the plaintiffs.[23]

Here, appellants argued that because the first suit and the instant suit involved the same plaintiffs asserting the same claims for "injuries and wrongful deaths arising out of" the January 14, 2020 collision between the tanker vessel and the fishing vessel, appellees could not avoid the Harris County trial court's venue determination in the first suit by nonsuiting it after the case was transferred to Galveston County and refiling suit in Harris County with Trionics as an additional defendant. Appellants requested that the trial court grant their motions and transfer appellees' instant suit to Galveston County.

---

[22] *See In re Lowe's Home Ctrs., L.L.C.*, 531 S.W.3d 861, 871 (Tex. App.—Corpus Christi–Edinburg 2017, orig. proceeding) (internal quotations omitted).

[23] *Id.* at 873.

In their response to appellants' motions to transfer venue, appellees asserted that although appellants sought to have the instant suit transferred to Galveston County, under Texas law, appellees, as the plaintiffs, had the right to select the county of venue. And according to appellees, venue was proper in Harris County because "all or a substantial part of the events or omissions giving rise to [appellees'] claims occurred in Harris County" and the principal office of Trionics was located in Harris County.[24]

Further, appellees argued that appellants were wrong that the first suit "fixed" venue in Galveston County and the cases relied on by appellants—*In re Team Rocket* and *In re Lowe's Home Centers*—did not apply to the instant suit. According to appellees, after the January 14, 2020 collision between the tanker vessel and the fishing vessel, Hoffman, Bearn, Raymond, Jr., and Tabitha filed the first suit against Ryan Marine in Harris County. On that same day, Edison and April intervened in the first suit. Thereafter, Hoffman, Bearn, Raymond, Jr., Tabitha, Edison, and April "agreed" with Ryan Marine that venue should be transferred to Galveston County, and the Harris County trial court signed an "[a]greed [o]rder" transferring the first suit to Galveston County. Maria did not file her petition in intervention until after the first suit was transferred to Galveston County, and neither she nor Trionics was part of the purported agreement to transfer the first suit to Galveston County.

---

[24] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a).

12

Appellees further asserted that after the first suit was transferred to Galveston County, they discovered that Trionics was "partially responsible" for the collision between the tanker vessel and the fishing vessel because "its employees [had] inspected [the] antenna and radio equipment onboard" the fishing vessel, but the employees had "failed to identify the number of inoperable antennas." And "[h]ad the [p]ort [c]aptain been properly informed regarding the condition of the antennas on the [fishing] vessel, he would not have allowed it to go out [in the ship channel] on the date" of the collision. Thus, on January 5, 2022, appellees filed a notice of nonsuit in the first suit, and when they filed suit in Harris County in the instant case, they brought claims against both Ryan Marine and Trionics.[25]

After a hearing, the trial court, in an interlocutory order, denied appellants' motions to transfer venue.

## Jurisdiction

To begin with, appellees assert that this Court lacks appellate jurisdiction over appellants' interlocutory appeal, pending in appellate cause number 01-22-00650-CV, that challenges the trial court's order denying appellants' motions to transfer venue. Instead, appellees assert that we must review appellants' complaint that the trial court erred in denying appellants' motions to transfer venue

---

[25] Appellants filed a reply to appellees' response to appellants' motions to transfer venue.

in the mandamus proceeding filed by appellants, pending in appellate cause number 01-22-00713-CV.

Generally, we lack jurisdiction to review a trial court's interlocutory ruling on a motion to transfer venue. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(a) ("No interlocutory appeal shall lie from the [trial court's venue] determination."); TEX. R. CIV. P. 87(6); *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Honeywell Int'l, Inc. v. Davis*, No. 01-19-00013-CV, 2020 WL 4873562, at *4 (Tex. App.—Houston [1st Dist.] Aug. 20, 2020, no pet.) (mem. op.); *Sustainable Tex. Oyster Res. Mgmt. L.L.C. v. Hannah Reef, Inc.*, 491 S.W.3d 96, 105 (Tex. App.— Houston [1st Dist.] 2016, pet. denied); *Tex. Windstorm Ins. Ass'n v. Boyle*, No. 01-13-00874-CV, 2014 WL 527574, at *1 (Tex. App.—Houston [1st Dist.] Feb. 6, 2014, no pet.) (mem. op.). But as we have explained before, the Texas Legislature has provided that in a suit involving more than one plaintiff, like this one, we have interlocutory appellate jurisdiction to review a trial court's determination of whether "[each] plaintiff did or did not independently establish proper venue."[26] TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(b)(1); *Honeywell*, 2020 WL 4873562, at *4 (internal quotations omitted); *Sustainable Tex. Oyster*, 491 S.W.3d at 105–06; *Boyle*, 2014 WL 527574, at *1 (internal quotations omitted); *see also Shamoun & Norman,*

---

[26] In response to appellants' motions to transfer venue, appellees asserted that they had established proper venue in Harris County under Texas Civil Practice and Remedies Code section 15.002.

14

*LLP v. Yarto Int'l Grp., LP*, 398 S.W.3d 272, 285–87 (Tex. App.—Corpus Christi–Edinburg 2012, pet. dism'd) (holding specific language in Texas Civil Practice and Remedies Code section 15.003 trumped more general language in Texas Civil Practice and Remedies Code section 15.064 and "interlocutory appeals [were] available for venue determinations in *any case* involving multiple plaintiffs" (emphasis added)).

Appellees assert that Texas Civil Practice and Remedies Code section 15.003(b) provides "only for [the] interlocutory review of whether each plaintiff ha[d] established independent venue . . . factors" in a case and does not allow interlocutory review of whether, "despite proper venue against multiple defendants, a trial court must transfer a []suit to a different county because of a venue determination in a prior []suit that involved only one of the defendants." And appellees assert that appellants are asking the Court to do the latter in the instant case, which, according to appellees, is not permitted under Texas Civil Practice and Remedies Code section 15.003(b).

Texas Civil Practice and Remedies Code section 15.003(b) states that in a suit involving more than one plaintiff, "[a]n interlocutory appeal may be taken of a trial court's determination . . . that . . . a plaintiff did or did not independently establish proper venue." TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(b)(1). Notably, Texas appellate courts have explained that "[i]n a multiple-plaintiff case, every order on a

15

motion to transfer venue will necessarily determine whether each plaintiff did or did not independently establish proper venue." *See Jackson v. Jackson*, No. 02-15-00102-CV, 2016 WL 5220069, at *3 (Tex. App.—Fort Worth Sept. 22, 2016, pet. denied) (mem. op.); *see also UPS Ground Freight, Inc. v. Trotter*, 606 S.W.3d 781, 786 (Tex. App.—Tyler 2020, pet. denied) (stating interlocutory appeal under Texas Civil Practice and Remedies Code section 15.003(b) available because case involved multiple plaintiffs); *Union Pac. R.R. v. Stouffer*, 420 S.W.3d 233, 236–39 (Tex. App.—Dallas 2013, pet. dism'd) (noting Texas Civil Practice and Remedies Code section 15.003(b) should be read broadly and stating "[i]n a multi-plaintiff case, *every venue ruling* is necessarily a determination that a plaintiff did or did not independently establish proper venue" (emphasis added)); *Nalle Plastics Family Ltd. P'ship v. Porter, Rogers, Dahlman & Gordon, P.C.*, 406 S.W.3d 186, 195 n.7 (Tex. App.—Corpus Christi–Edinburg 2013, pet. denied) (collecting cases and noting "appellate courts have concluded . . . that interlocutory appeals are available under []section 15.003(b) for *any venue determination* in a case involving multiple plaintiffs" (emphasis added)). Stated differently, our sister appellate courts have held that under Texas Civil Practice and Remedies Code section 15.003(b), "interlocutory appeals are available for venue determinations in any case involving multiple plaintiffs." *See, e.g.*, *Shamoun & Norman, LLP*, 398 S.W.3d at 285–87.

Here, we have a multiple-plaintiff case and an order from the trial court denying appellants' motions to transfer venue. These are the circumstances that Texas appellate courts have held Texas Civil Practice and Remedies Code section 15.003(b) permits an interlocutory appeal from a trial court's ruling. *See, e.g.*, *Jackson*, 2016 WL 5220069, at *3; *Stouffer*, 420 S.W.3d at 236–39; *Nalle Plastics*, 406 S.W.3d at 195 n.7; *Shamoun & Norman, LLP*, 398 S.W.3d at 285–87; *see also Wagner & Brown, Ltd. v. Horwood*, 53 S.W.3d 347, 350 (Tex. 2001) (Hecht, J., dissenting from denial of motion for rehearing of petition for review) (noting Texas Legislature expanded jurisdiction of courts of appeals over "a wider variety of interlocutory orders" and citing Texas Civil Practice and Remedies Code section 15.003 as example).

Further, even if appellees are correct that this Court may review appellants' complaint that the trial court erred in denying their motions to transfer venue through a mandamus proceeding,[27] the existence of mandamus jurisdiction would not deprive

---

[27] We note that venue determinations are generally not reviewable on mandamus. *See In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding); *see also In re Build by Owner, LLC*, No. 01-11-00513-CV, 2011 WL 4612790, at *3–4 (Tex. App.—Houston [1st Dist.] Oct. 6, 2011, orig. proceeding) (mem. op.); *but see In re Fluor Enters., Inc.*, No. 13-11-00260-CV, 2011 WL 2463004, at *2 (Tex. App.— Corpus Christi–Edinburg June 13, 2011, orig. proceeding) (mem. op.) ("[M]andatory venue provisions may be enforced by mandamus."). But the Texas Supreme Court has also held that mandamus review of erroneous venue determinations is appropriate in "extraordinary circumstances." *See In re Team Rocket*, 256 S.W.3d at 262; *see also In re Estate of Foust*, 659 S.W.3d 487, 490–91

this Court of appellate jurisdiction to review appellants' challenge to the trial court's order denying their motions to transfer venue through an interlocutory appeal under Texas Civil Practice and Remedies Code section 15.003(b).  In *Bayer Crop Science, LP v. Andy Timmons, Inc.*, No. 09-22-00204-CV, 2022 WL 16993420 (Tex. App.—Beaumont Nov. 17, 2022, no pet.) (mem. op.), the defendants filed an interlocutory appeal under Texas Civil Practice and Remedies Code section 15.003(b) after the trial court denied their motion to transfer venue in a multiple-plaintiff case.  2022 WL 16993420, at *3.  The defendants also filed a petition for writ of mandamus in the appellate court, seeking to challenge the trial court's denial of their motion to transfer venue.  *Id.*; *see also In re Bayer Crop Sci. L.P.*, No. 09-22-00232-CV, 2022 WL 16993400, at *1 (Tex. App.—Beaumont Nov. 17, 2022, orig. proceeding) (mem. op.).  In the interlocutory appeal, the plaintiffs argued that the appellate court did not have jurisdiction over the defendants' interlocutory appeal from the trial court's ruling on their motion to transfer venue because the defendants were "challeng[ing] a mandatory venue ruling" which was reviewable by mandamus under Texas Civil Practice and Remedies Code section 15.0642.  *Bayer Crop*, 2022 WL 16993420, at *3; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642.  In holding that it had jurisdiction under Texas Civil Practice and Remedies Code

(Tex. App.—Texarkana 2022, orig. proceeding); *In re Build by Owner*, 2011 WL 4612790, at *4.

18

section 15.003(b) over the defendants' interlocutory appeal from the trial court's denial of the defendants' motion to transfer venue, our sister appellate court explained that in a multiple-plaintiff case where a defendant moves to transfer venue to a county of mandatory venue both Texas Civil Practice and Remedies Code sections 15.003(b) and 15.0642 applied and neither applied to the exclusion of the other. *Bayer Crop*, 2022 WL 16993420, at *3. Thus, even though the defendants had the option to pursue mandamus relief following the trial court's denial of their motion to transfer venue, the availability of mandamus as an avenue for relief did not deprive the appellate court of jurisdiction to review the trial court's interlocutory order denying the defendants' motion to transfer venue under Texas Civil Practice and Remedies Code section 15.003(b) given that the underlying suit was a multiple-plaintiff case. *Id.* Because the defendants—as the appellants—asserted that the "appropriate vehicle for [the appellate court] to review their complaint[] regarding the trial court's venue ruling in th[e] multiple-plaintiff" case was through the defendants' interlocutory appeal,[28] and because the appellate court had jurisdiction to conduct such a review, the court proceeded with the defendants' interlocutory appeal and dismissed the defendants' petition for writ of mandamus as

---

[28]     Similarly, here, appellants assert that this Court has jurisdiction to review the trial court's order denying their motions to transfer venue by interlocutory appeal.

19

moot.  *Id.* at *3 & n.4; *see also In re Bayer Crop Sci. L.P.*, 2022 WL 16993400, at *1.

Based on the foregoing, we conclude that we have jurisdiction over appellants' interlocutory appeal challenging the trial court's order denying appellants' motions to transfer venue.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(b)(1).  Because we have concluded that we have jurisdiction over appellants' interlocutory appeal, we dismiss appellants' petition for writ of mandamus, filed in appellate cause number 01-22-00713-CV, as moot.  *See Honeywell*, 2020 WL 4873562, at *4 n.7 (where this Court concluded that it had jurisdiction over interlocutory appeal, dismissing appellants' alternative request for mandamus relief as moot); *see also In re Bayer Crop Sci. L.P.*, 2022 WL 16993400, at *1.

**Venue**

In their sole issue, appellants argue that the trial court erred in denying their motions to transfer venue of appellees' instant suit from Harris County to Galveston County because the Texas Rules of Civil Procedure "mandate only one venue determination in a []suit," the venue determination by the Harris County trial court in the first suit "fixed venue in Galveston County" for appellees' claims "arising out of" the January 14, 2020 collision between the tanker vessel and the fishing vessel, appellees cannot avoid the Harris County trial court's venue order in the first suit

20

"by nonsuiting and refiling" their case in Harris County, and appellees "did not reset venue by adding Trionics [as a defendant] in the[ir] re-filed suit."

We review the trial court's order denying appellants' motions to transfer venue de novo. TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(c)(1); *Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 603 (Tex. 1999); *Boyle*, 2014 WL 527574, at *2.

Under the general venue rule,[29] all suits must be brought:

(1)     in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred;

(2)     in the county of [the] defendant's residence at the time the cause of action accrued if [the] defendant is a natural person;

(3)     in the county of the defendant's principal office in this [S]tate, if the defendant is not a natural person; or

(4)     if [s]ubdivisions (1), (2), and (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action.

TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a); *see also Gonzalez v. Reliant Energy, Inc.*, 159 S.W.3d 615, 620–21 (Tex. 2005) (venue in wrongful death and survival actions governed by section 15.002). Because venue may be proper in a more than one county under the venue rule, a plaintiff is given the first choice of

---

[29]     The parties do not assert that a mandatory venue provision governs the instant suit. *See United Parcel Serv., Inc. v. Norris*, 635 S.W.3d 242, 246 (Tex. App.—Beaumont 2021, no pet.) ("When there is no mandatory venue, then the general venue rule [in Texas Civil Practice and Remedies Code section 15.002] applies.").

venue in the filing of a suit. *In re Team Rocket*, 256 S.W.3d at 259; *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding); *In re Adan Volpe Props., Ltd.*, 306 S.W.3d 369, 374 (Tex. App.—Corpus Christi–Edinburg 2010, orig. proceeding). But a defendant may challenge the plaintiff's venue selection through a motion to transfer venue. *See In re Masonite Corp.*, 997 S.W.2d at 197; *In re Lowe's Home Ctrs.*, 531 S.W.3d at 870; *In re Adan Volpe Props.*, 306 S.W.3d at 374. If the defendant challenges the plaintiff's venue choice, the plaintiff has the burden to prove that venue is maintainable in the county in which he filed suit. TEX. R. CIV. P. 87(2)(a), (3)(a); *Boyle*, 2014 WL 527574, at *2; *In re Adan Volpe Props.*, 306 S.W.3d at 374; *Chiriboga v. State Farm Mut. Auto. Ins. Co.*, 96 S.W.3d 673, 678 (Tex. App.—Austin 2003, no pet.). If the plaintiff does not establish proper venue, the trial court must transfer venue to the county specified in the defendant's motion to transfer if the defendant has requested transfer to a county of proper venue. *In re Masonite Corp.*, 997 S.W.2d at 197; *Boyle*, 2014 WL 527574, at *2; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 15.063; TEX. R. CIV. P. 87(2). The question of venue cannot be relitigated once venue is either (1) "sustained as against a motion to transfer" or (2) transferred to a county of proper venue in response to a motion to transfer. *See* TEX. R. CIV. P. 87(5), (6); *In re Rino-K&K Compression, Inc.*, 656 S.W.3d 153, 158 (Tex. App.—Eastland 2022, orig. proceeding); *see also In re C.B.B.*, No. 12-12-00106-CV, 2013 WL 1046323, at *2 n.1 (Tex. App.—Tyler Mar.

22

13, 2013, pet. denied) (mem. op.) (Texas Rule of Civil Procedure 87 permits only one venue determination).

Appellees filed the instant suit against appellants in Harris County and alleged in their petition that venue was proper in Harris County under Texas Civil Practice and Remedies Code section 15.002. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a). In their response to appellants' motions to transfer venue, appellees asserted that venue for the instant suit was proper in Harris County because "all or a substantial part of the events or omissions giving rise to [their] claims occurred in Harris County" and Trionics's principal office was located in Harris County. *See id.* In contrast, in their motions to transfer venue, appellants argued that venue for the instant suit was proper in Galveston County because the Harris County trial court in the first suit determined that venue was proper in Galveston County for any of appellees' claims arising out of the January 14, 2020 collision between the tanker vessel and the fishing vessel.

The question of whether the trial court erred in denying appellants' motions to transfer venue of the instant suit to Galveston County is guided by the Texas Supreme Court's decision in *In re Team Rocket*. In *In re Team Rocket*, the plaintiffs brought a wrongful death and survival suit against the defendants in Harris County— the county in which the plaintiffs resided. 256 S.W.3d at 258–59. The defendants moved to transfer venue, arguing that venue was not proper in Harris County. *Id.*

23

The Harris County trial court agreed, granted the defendants' motion to transfer venue, and transferred the plaintiffs' suit to Williamson County, Texas—the principal place of business for the defendants. *Id.* at 259; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a). After the plaintiffs' suit was transferred to Williamson County, the plaintiffs voluntarily nonsuited their case, and immediately refiled their claims against the defendants in Fort Bend County, Texas. *In re Team Rocket*, 256 S.W.3d at 259. The defendants then moved to transfer the plaintiffs' new Fort Bend County suit to Williamson County "based on the Harris County trial court's prior venue order and the doctrine of collateral estoppel." *Id.* The Fort Bend County trial court, however, denied the defendants' motion to transfer venue, and the defendants sought mandamus relief. *Id.*

In determining whether the defendants were entitled to mandamus relief, the Texas Supreme Court stated that it needed to decide the question of whether a plaintiff may use the procedural vehicle of nonsuiting a case to avoid an unfavorable venue ruling. *Id.* In doing so, the court explained that a plaintiff gets the first choice of venue by filing suit, but a defendant may challenge the plaintiff's venue selection, and a trial court must transfer the suit to another county of proper venue if the county in which the plaintiff brought suit is not a proper county. *Id.* According to the Texas Supreme Court, although the plaintiffs in *In re Team Rocket* initially filed suit in Harris County, the defendants challenged venue because the defendants did not

24

reside in Harris County and a substantial portion of the events giving rise to the plaintiffs' causes of action did not occur in Harris County. *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(1), (2)). The Harris County trial court then determined that Harris County was not a proper venue for the plaintiffs' suit and transferred the plaintiffs' suit to Williamson County—a county with proper venue. *Id.*

In their petition for writ of mandamus, the defendants argued that the Fort Bend County trial court, in the plaintiffs' new suit, erred in denying their motion to transfer venue to Williamson County because only one venue determination may be made in a proceeding and Texas Rule of Civil Procedure 87 specifically prohibited changes in venue after an initial venue ruling. *Id.*; *see also* TEX. R. CIV. P. 87(5). The Texas Supreme Court agreed, explaining that once a venue ruling is made on the merits the decision becomes final as to that issue and cannot be vitiated by the plaintiffs nonsuiting and refiling the case. *In re Team Rocket*, 256 S.W.3d at 259–60. Stated differently, the supreme court determined that a decision fixing venue in a particular county could not be circumvented by the plaintiffs nonsuiting and refiling a case. *Id.* at 260. This decision was "rooted in the long-standing and fundamental judicial doctrines of res judicata and collateral estoppel, which promote[d] judicial efficiency, protect[ed] parties from multiple lawsuits, and

25

prevent[ed] inconsistent judgments by precluding the relitigation of matters that ha[d] already been decided." *Id.* (internal quotations omitted).

Thus, the Texas Supreme Court, in *In re Team Rocket*, concluded that once a venue determination has been made, that determination is conclusive as to those parties and claims; and because venue is then fixed in any suit involving the same parties and claims, it cannot be overcome by a nonsuit and subsequent refiling in another county. *Id.* Applying its conclusion to the case before it, the supreme court explained that once the Harris County trial court transferred the plaintiffs' suit to a proper venue in Williamson County, venue was fixed permanently in Williamson County for the claims between the plaintiffs and the defendants. *Id.* Accordingly, the Texas Supreme Court held that the Fort Bend County trial court erred in refusing to enforce the Harris County trial court's previous venue order, and the plaintiffs' new Fort Bend County suit should have been transferred to Williamson County. *Id.* at 258, 260, 263.

Appellees argue that *In re Team Rocket* is inapplicable to the instant suit because their January 5, 2022 petition in the instant suit in Harris County added Trionics as a defendant and "new claims" against Trionics and neither Trionics nor the "new claims" against Trionics were included in the first suit. Thus, according to appellees, the first suit and the instant suit did not involve the "same parties and claims," making *In re Team Rocket* inapplicable. *See id.* at 260 (stating "once a

26

venue determination has been made, that determination is conclusive as to those parties and claims" and "venue is then fixed in any suit involving the same parties and claims").

But appellees neglect to consider the overarching principles emphasized by the Texas Supreme Court in *In re Team Rocket*. For instance, in *In re Team Rocket*, the supreme court generally stated that a decision fixing venue in a particular county cannot be circumvented by the nonsuiting and refiling of a case, explaining that such a conclusion promoted judicial efficiency, protected parties from multiple lawsuits, and prevented inconsistent judgments by precluding the relitigation of matters that had already been decided. *Id.* Further, the supreme court noted that any other conclusion would allow forum shopping, "a practice [that the court] ha[d] repeatedly prohibited." *Id.* at 260–61. And the court expressed disapproval of the idea that a plaintiff could avoid a "venue ruling[] simply by nonsuiting and refiling." *Id.* Instead, the supreme court reinforced the rationale that a defendant should be protected from the harassment and expense of several contests on the issue of venue. *Id.* at 261. Finally, the court explained that a plaintiff's only remedy when he loses a venue determination is to proceed with trial in the transferee county and appeal any judgment from the transferee trial court on the basis of alleged error in the venue ruling. *Id.* And any attempt to circumvent a venue ruling "by nonsuiting and refiling" was prohibited. *Id.* at 260–61; *see also Epps v. Fowler*, 351 S.W.3d 862,

870 (Tex. 2011) (noting court disfavors nonsuits that are filed to circumvent unfavorable rulings).

Additionally, we note that our sister appellate court has specifically addressed the applicability of *In re Team Rocket* to a suit in which the plaintiffs nonsuited after a venue determination and the plaintiffs also added additional defendants and claims in their refiled suit. *See In re Lowe's Home Ctrs.*, 531 S.W.3d at 864–74, 878  In *In re Lowe's Home Centers*, after a propane explosion at a home, the plaintiffs filed suit in Starr County, Texas against Lowe's Home Centers, L.L.C. ("Lowe's") and other defendants for negligence, negligent misrepresentation, negligence per se, strict products liability, and gross negligence. *Id.* at 864–65.  After Lowe's and the other defendants moved to transfer venue to Cameron County, Texas, the trial court denied the motion, and the plaintiffs' suit remained pending in Starr County. *Id.* at 865–67.  The plaintiffs later discovered that their venue representations as to Starr County had been "fraudulent," and they nonsuited their Starr County suit and filed a new suit in Hidalgo County, Texas. *Id.* at 867–68 (internal quotations omitted). The plaintiffs' petition filed in the new Hidalgo County suit was substantially similar and nearly-identical to the petition previously filed by the plaintiffs in the Starr County suit, except for the omission of a few defendants and the addition of new defendants. *Id.*  In the new Hidalgo County suit, the plaintiffs brought claims against Lowe's and other defendants for negligence, fraudulent misrepresentation, fraud by

28

nondisclosure, negligence per se, strict products liability, and gross negligence.[30] *Id.* at 868.

Lowe's and the other defendants filed motions to dismiss the new Hidalgo County suit, or alternatively to transfer the plaintiffs' new suit back to Starr County, asserting that Texas law prohibited the plaintiffs from nonsuiting and refiling their case after the Starr County trial court had made a venue determination. *Id.* Ultimately, the trial court in the new Hidalgo County suit denied the motion to dismiss and Lowe's and the other defendants' alternative request to transfer venue to Starr County. *Id.*

Lowe's then filed a petition for writ of mandamus, asserting that the trial court erred in refusing to dismiss or transfer the plaintiffs' new Hidalgo County suit to Starr County because there could be no more than one venue determination in any suit, and the Starr County trial court's original venue determination precluded the plaintiffs from bringing their new suit in Hidalgo County. *Id.* at 868–70. In response, the plaintiffs asserted that dismissal or transfer of their new Hidalgo County suit to Starr County was not proper because their new Hidalgo County suit was sufficiently distinct from their Starr County suit, and thus, should be allowed to proceed in Hidalgo County. *Id.* at 870–71.

---

[30]     These are not the exact same claims that the plaintiffs alleged in their Starr County suit.

Relying on the Texas Supreme Court's decision in *In re Team Rocket*, the Corpus Christi Court of Appeals disagreed with the plaintiffs, explaining that "once a ruling regarding venue is made on the merits, that decision becomes final as to that issue and cannot by vitiated by [the] nonsuiting and refiling [of] the case." *Id.* at 871 (internal quotations omitted). The court of appeals noted that the plaintiffs had asserted that their new Hidalgo County suit was distinct from their previously filed Starr County suit because they had dropped all of their claims against three defendants and they had added new defendants with "unique" claims against those new defendants. *Id.* at 872 (internal quotations omitted). But the appellate court explained that once the Starr County trial court made its venue determination, that venue determination could not be overcome by a nonsuit and subsequent refiling in another county. *Id.* at 872–73. In reaching such a conclusion, the court emphasized that the new Hidalgo County suit concerned the exact same subject matter as the plaintiffs' previously filed Starr County suit—both cases were based on the explosion of the propane tank and the resulting injuries and wrongful death claims—and the only change between the two suits was the omission of a few defendants and the addition of a few new defendants and claims against those new defendants. *Id.* at 873–74. According to the Corpus Christi Court of Appeals: "The substitution of some of the parties in the [plaintiffs' new] Hidalgo County suit d[id] not affect the conclusive nature of the Starr County [trial] court's venue determination . . . ." *Id.*

We see no reason to reach a different conclusion in the instant case than our sister appellate court did in *In re Lowe's Home Centers*. Here, all of appellees' claims arise out of the January 14, 2020 collision between the tanker vessel and the fishing vessel near Galveston. Initially, Hoffman, Bearden, Raymond Jr., and Tabitha filed the first suit against Ryan Marine in Harris County, alleging negligence claims against Ryan Marine. Edison and April filed a petition in intervention in the first suit also alleging negligence claims against Ryan Marine. And Maria filed a petition in intervention in the first suit, asserting negligence claims against Ryan Marine.

While the first suit was pending in Harris County, Ryan Marine moved to transfer venue to Galveston County, arguing that Harris County was not a proper venue for the first suit because none "of the events giving rise to [the] alleged causes of action" in the first suit occurred in Harris County. Instead, "[a]ll events giving rise to [the] alleged causes of action occurred in or just offshore of Galveston County in Texas territorial waters." Further, Ryan Marine's principal place of business was located in Galveston, and none of the plaintiffs resided in Harris County at the time their alleged causes of action accrued. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a) (providing generally "all lawsuits shall be brought: (1) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred; (2) in the county of [the] defendant's residence at the time the cause of

31

action accrued if [the] defendant is a natural person; (3) in the county of the defendant's principal office in this [S]tate, if the defendant is not a natural person; or (4) if [s]ubdivisions (1), (2), and (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action").

On May 6, 2021, the Harris County trial court in the first suit granted Ryan Marine's motion to transfer and ordered that the first suit be transferred to a district court in Galveston County. The trial court's order granting Ryan Marine's motion to transfer venue stated that the trial court, "after considering [the] motion, the pleadings on file, the agreement of the parties, the applicable law, the arguments of counsel, if any, and the evidence presented, [was] of the opinion that . . . Ryan Marine's Motion to Transfer Venue ha[d] merit and should in all things be granted." Thus, the Harris County trial court "ordered, adjudged and decreed that . . . Ryan Marine's Motion to Transfer Venue [was] granted." (Emphasis omitted.)

But, after the first suit was transferred to Galveston County, appellees, on January 5, 2022, filed a notice of nonsuit without prejudice in the first suit. And, that same day, appellees filed their petition in Harris County in the instant suit, alleging negligence claims against appellants arising out of the January 14, 2020 collision between the tanker vessel and the fishing vessel.

Relying on the Texas Supreme Court's decision in *In re Team Rocket*, we must conclude, like the Corpus Christi Court of Appeals did in *In re Lowe's Home*

*Centers*, that "once a ruling regarding venue [has been] made on the merits, that decision [is] final as to that issue and cannot be vitiated by [appellees'] nonsuiting and refiling" of their case. *See In re Lowe's Home Ctrs.*, 531 S.W.3d at 871 (internal quotations omitted); *see also In re Shell Oil Co.*, 128 S.W.3d 694, 696 (Tex. App.—Beaumont 2004, orig. proceeding) ("If an action has been transferred to a proper county in response to a motion to transfer, . . . [v]enue of any subsequent suit involving the same subject matter . . . as the initial suit is governed by the venue determination in the initial suit."). Here, like in *In re Lowe's Home Centers*, appellees' first suit and their instant suit concern the exact same subject matter—the January 14, 2020 collision between the tanker vessel and the fishing vessel. *See* 531 S.W.3d at 873. The only difference between the two suits is the addition of Trionics as a defendant and the alleged negligence claims against Trionics in the instant suit. In fact, other than the addition of Trionics as a defendant and the claims against it, appellees' January 5, 2022 petition filed in the instant suit is substantially similar to the petition and the petitions in intervention filed in the first suit. Notably, the addition of a party and a claim against that party, in the instant suit "does not affect the conclusive nature of the [Harris] County [trial] court's venue determination" in the first suit. *Id.* at 873–74. After all, a decision fixing venue in a particular county

cannot be circumvented by the plaintiffs nonsuiting and refiling their case.[31]  *Id.* at 878 (appellate courts "[look] with disfavor on nonsuits that are filed to circumvent legal restrictions or unfavorable rulings" (alteration in original) (internal quotations omitted)); *see also Epps*, 351 S.W.3d at 870 (noting supreme court disfavors nonsuits that are filed to circumvent unfavorable rulings); *Bruington Eng'g, Ltd. v. Pedernal Energy, L.L.C.*, 403 S.W.3d 523, 532 (Tex. App.—San Antonio 2013, no pet.).

Appellees also argue that *In re Team Rocket* is inapplicable to the instant suit because unlike the plaintiffs in *In re Team Rocket*, appellees agreed to transfer venue of the first suit to Galveston County, meaning that the Harris County trial court in the first suit never made a "venue determination" that would fix venue in Galveston County.  *Cf. In re Team Rocket*, 256 S.W.3d at 260 (stating "once a venue determination has been made, that determination is conclusive" and "venue is then fixed").  But appellees misinterpret the Harris County trial court's transfer order in the first suit.

---

[31]  As our sister appellate court has explained: "A plaintiff who takes a nonsuit without prejudice is . . . subject to the preclusive effect of any prior venue determination by the trial court. . . . [T]his preclusive effect . . . means that the plaintiff must file any later suit in the venue determined by the trial court in the first case, and if the plaintiff does not do so, the case will be transferred to that venue." *Lacy v. Castillo*, 580 S.W.3d 830, 840 n.21(Tex. App.—Houston [14th Dist.] 2019, no pet.) (Frost, C.J., concurring).

In the first suit, Ryan Marine moved to transfer venue from Harris County to Galveston County, arguing that venue for the first suit was not proper in Harris County because none "of the events giving rise to [the] alleged causes of action" occurred in Harris County. Instead, "[a]ll events giving rise to [the] alleged causes of action occurred in or just offshore of Galveston County in Texas territorial waters." Further, Ryan Marine's principal place of business was located in Galveston, and none of the plaintiffs resided in Harris County at the time their alleged causes of action accrued. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a). Thus, Ryan Marine requested that the Harris County trial court grant its motion and transfer the first suit to Galveston County. *Cf. In re K2 Waste Sols., LLC*, No. 13-20-00325-CV, 2020 WL 6703832, at *4 (Tex. App.—Corpus Christi–Edinburg Nov. 12, 2020, orig. proceeding) (mem. op.) (stating trial court could not have made a "final determination fixing venue" because defendants had never been asked it to do so (internal quotations omitted)).

Thereafter, the Harris County trial court granted Ryan Marine's motion to transfer venue and ordered that the first suit be transferred to a district court in Galveston County. The Harris County trial court's order granting Ryan Marine's motion to transfer specifically stated that the trial court, "after considering [the] motion, the pleadings on file, the agreement of the parties, the applicable law, the arguments of counsel, if any, and the evidence presented, [was] of the opinion

35

that . . . Ryan Marine's Motion to Transfer Venue ha[d] merit and should in all things be granted." And that it "ordered, adjudged and decreed that . . . Ryan Marine's Motion to Transfer Venue [be] granted." (Emphasis omitted.) To the extent that appellees "agreed" that venue for the first suit was proper in Galveston County, the Harris County trial court could have considered that agreement when making its venue determination, but it was not bound by any agreement. *See* TEX. R. CIV. P. 87(3)(b) (trial court "shall determine the motion to transfer venue on the basis of the pleadings, *any stipulations made by and between the parties* and such affidavits and attachments as may be filed by the parties" (emphasis added)); *see also Shamount & Norman, LLP*, 398 S.W.3d at 288–89 (explaining, even if parties had agreement regard transfer of venue, trial court not bound to transfer case unless it was established that the transferee court was "a proper venue" and concluding parties' agreed motion to transfer could not, by itself, compel trial court to transfer case to other county (internal quotations omitted)). Further, the substance of the Harris County trial court's order shows that the court actually ruled on the merits of Ryan Marine's motion to transfer venue.[32] *See Clark v. Clark*, 638 S.W.3d 829, 835

---

[32] To the extent that appellees make additional arguments that the Harris County trial court's transfer of the first suit was a "consensual transfer" and the effect of the "consensual transfer" on the outcome of this case, we need not address them because the trial court's order shows that it transferred the first suit to Galveston County based on its decision to grant Ryan Marine's motion to transfer venue. *See* TEX. R. APP. P. 47.1.

(Tex. App.—Houston [14th Dist.] 2021, no pet.) (courts give effect to order's substance rather than its title or form). We conclude that the Harris County trial court in the first suit made a "venue determination," contrary to appellees' assertion.

Based on the foregoing and relying on the Texas Supreme Court's decision in *In re Team Rocket* and our sister appellate court's decision in *In re Lowe's Home Centers*, we conclude that the Harris County trial court's ruling in the first suit that venue was proper in Galveston County was final and could not be vitiated by appellees' nonsuiting of the first suit and refiling of their case in Harris County. *See In re Team Rocket*, 256 S.W.3d at 260; *In re Lowe's Home Ctrs.*, 531 S.W.3d at 871; *see also In re Adan Volpe Props.*, 306 S.W.3d at 373 ("[O]nce a ruling is made on venue, that decision becomes final and cannot be vitiated by nonsuiting and refiling."). Thus, we hold that the trial court erred in denying appellants' motions to transfer venue of the instant suit to Galveston County.

We sustain appellants' sole issue.

## Conclusion

We reverse the trial court's order denying appellants' motions to transfer venue and remand this case to the trial court with instructions to transfer the case to Galveston County.  We dismiss appellants' petition for writ of mandamus as moot.


Julie Countiss
Justice

Panel consists of Chief Justice Adams and Justices Countiss and Rivas-Molloy.